589 So.2d 1016 (1991)
STATE of Florida, Appellant,
v.
James H. SAVAGE, Appellee.
No. 91-35.
District Court of Appeal of Florida, Fifth District.
November 21, 1991.
*1017 Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Judge.
The defendant, Savage, pled guilty to two counts of battery on a law enforcement officer in case # 85-3903 (Brevard County). In a separate case, # 85-3391 (Brevard County), Savage pled guilty to one count of grand theft and one count of burglary. The sentence in each case consisted of three years' incarceration followed by one year of probation, to run concurrent to each other.
While serving his sentence in Baker County, Savage was convicted of one count of an inmate in possession of contraband and was sentenced to thirty months' incarceration consecutive to any sentence currently being served. Savage was released from confinement on October 26, 1988. Some twenty-three days later, Savage was arrested for violation of probation.[1]
Savage was later indicted for murder, armed robbery, and sexual battery. As a result of a jury trial, Savage was given the death penalty. From this murder conviction and sentence, Savage filed a timely notice of appeal with the Florida Supreme Court (circuit court case number 88-6471, filed with the Florida Supreme Court as number 75,494).
In August of 1990, the Probation and Parole Services wrote to the trial judge who had sentenced Savage and explained that they had made a mistake:
Recent research has disclosed that on February 4, 1987, Savage was sentenced in Baker County to two years six months for the offense of transmitting contraband. Records further reflect that the sentence imposed in Brevard County expired on August 14, 1987. If our interpretation is correct, the one-year probation would have began [sic] August 14, 1987, and expired August 13, 1988. Thus, Savage would not have been on probation when the death of Barbara Ann Barber occurred on November 25, 1988. We would appear to be in error in submitting an affidavit of violation of probation on docket numbers 85-3903 and 85-3391.
As a result, Savage filed a 3.850 motion with the trial court asking it to vacate new sentences imposed in case numbers 85-3903 and 85-3391. Pursuant to a hearing on December 10, 1990, the trial court entered an order granting the motion and vacating the new sentences.
Initially, we point out that the trial court had jurisdiction to consider Savage's 3.850 motion because the motion was not directed at the case pending on appeal with the Florida Supreme Court. In addition, we agree with the state that the Brevard County probationary period was tolled during the Baker County incarceration period; hence, Savage could not serve probation concurrently with the Baker County prison term since probation presupposes that a probationer is not in confinement.
Generally, imprisonment segments of consecutive sentences cannot be interrupted by probation. Additionally, the probationary portion of a split sentence "must immediately" follow the prison sanction. Turner v. State, 551 So.2d 1247 (Fla. 5th DCA 1989); Lanier v. State, 504 So.2d 501, 503 (Fla. 1st DCA 1987). See also *1018 Washington v. State, 564 So.2d 563, 564 (Fla. 1st DCA 1990).
In Porter v. State, 585 So.2d 399 (Fla. 1st DCA 1991), however, the court distinguished between cases involving related sentencing orders such as found in Washington, Turner, and Lanier, and cases that involve unrelated sentencing orders rendered at different times and in different counties where the defendant's intervening criminal activity caused the interruption of his sentence. In Porter, the court recognized the sanctity of a judge's jurisdiction and authority to lawfully dispose of cases before him without the interference of unrelated sentencing orders.
Simple logic would seem to dictate that, where a defendant is incarcerated in another jurisdiction, a probationary period from an unrelated sentence would be tolled since a probationary term should not be allowed to expire simply because a defendant has decided to incur new prison time as a result of a separate and distinct offense. Ware v. State, 474 So.2d 332 (Fla. 1st DCA 1985), review denied, 484 So.2d 10 (Fla. 1986). Accordingly, the order of the trial court which granted the 3.850 motion is hereby reversed and the cause remanded to the trial court for entry of an order denying the 3.850 motion.
REVERSED and REMANDED.
GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] The arresting officers reported that Savage had violated his probation by failing to report within 72 hours of release. Apparently, there was insufficient evidence at the time to arrest him for the murder of one Barbara Ann Barber.