COBB, Judge.
The defendant appeals from the denial of his motion for correction of an illegal sen *1131 tence.[1] The denial was predicated on the fact that this court had affirmed the sentence on direct appeal. See Evans v. State, 660 So.2d 300 (Fla. 5th DCA 1995).
Because we have determined from the record now provided to us that the sentence is illegal, we vacate the sentence and remand for entry of a corrected sentence.
The defendant was originally sentenced for the offense of burglary of a conveyance while armed, to 17 years with the Department of Corrections, with 8 years of the sentence to be suspended upon completion of five years probation. After serving approximately one year in prison, the defendant was placed on controlled release without supervision by the DOC and began serving his probation.
The defendant eventually violated his probation and appeared before a different judge for disposition. The defendant was then sentenced to 17 years imprisonment, with credit for time served.
This was error. See Poore v. State, 531 So.2d 161 (Fla.1988). The defendant was originally sentenced to a true split sentence. Upon violation of the probationary portion of this suspended sentence, the trial court could only order incarceration for the period of the suspended portion of the original sentence, here 8 years. Poore. The fact that the defendant did not serve the full 9 years of the inearcerative portion of the sentence due to an administrative decision of the DOC does not alter the fundamental principles set out in Poore.
Sentence Vacated; Cause Remanded.
W. SHARP and HARRIS, JJ., concur.

. The defendant actually filed a motion for post-conviction relief but at the hearing the trial court treated the motion pursuant to Florida Rule of Criminal Procedure 3.800.