721 So.2d 775 (1998)
Ronald BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0043.
District Court of Appeal of Florida, Fifth District.
November 20, 1998.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Senior Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, J.
Ronald Bradley appeals his judgment and sentence entered by the trial court after he was adjudicated guilty of violating his community control. We affirm.
On September 18, 1995, Mr. Bradley was sentenced on his conviction for possession of cocaine[1] to a term of one year community control followed by one year of probation.
*776 At the time of sentencing, Mr. Bradley was incarcerated on a separate, unrelated charge.
On October 8, 1997, Mr. Bradley was charged with violating the terms of his community control. At the adjudicatory hearing, defense counsel argued the trial court lacked jurisdiction to adjudicate Mr. Bradley in violation of his community control because the term of his state supervision had expired. Defense counsel maintained that, since Mr. Bradley received a sentence requiring a total of two years of state supervision, his sentence had expired on September 18, 1997, twenty days before he was charged with violating the terms of his community control.
The trial court rejected this argument noting that, although Mr. Bradley was sentenced on September 18, 1995, he was incarcerated from that date through May of 1997, and that the two-year term of his state supervision was tolled during the period of his incarceration. In so ruling, the trial court properly relied on State v. Savage, 589 So.2d 1016 (Fla. 5th DCA 1991), determining that Mr. Bradley was still under state supervision when he violated the terms of his community control. Finding no error in the court's ruling, we affirm. See also Porter v. State, 585 So.2d 399 (Fla. 1st DCA 1991), rev. denied, 599 So.2d 657 (Fla.1992).
JUDGMENT and SENTENCE AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] § 893.13(6)(a), Fla. Stat. (1993).