730 So.2d 768 (1999)
Michael K. EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-403.
District Court of Appeal of Florida, First District.
March 23, 1999.
Nancy A. Daniels, Public Defender and Joel Arnold, Assistant Public Defender, Office of the Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Mark C. Menser, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
Michael Evans, the defendant, appeals a final order revoking his probation. He contends that the trial court erred by imposing a sentence greater than the suspended jail sentence *769 initially designated as the sanction for a probation violation. We agree and reverse.
On May 22, 1997, the trial court accepted the defendant's plea of nolo contendere to possession of cocaine and placed him on probation for twelve months in lieu of a suspended term of thirty days in the county jail. The defendant was arrested on a probation violation warrant about six months later when a random drug test revealed that he had used cocaine. He appeared in court on January 15, 1998, and admitted the violation. At that time, the court sentenced the defendant to thirty-seven days in the county jail with credit for thirty-seven days time served to be followed by two years felony drug offender probation.
We conclude that the maximum sentence the defendant could receive for a violation of his probation is thirty days in the county jail. Because the original sentence was a true split sentence as defined in Poore v. State, 531 So.2d 161 (Fla.1988), the defendant could not be sentenced on a subsequent violation of probation for a term greater than the term of the suspended sentence. In Poore, the court defined a true split sentence as a sentence consisting of "a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion." Id. at 164.
As the state contends, the sentence in this case is not precisely the same kind of true split sentence the court was referring to in Poore. Here, the probationary term was longer than the jail term, and the trial court suspended the entire jail term, not just a portion of it. Despite these differences, however, the sentence in this case is a true split sentence. More recently, in State v. Powell, 703 So.2d 444, 445 (Fla. 1997), the supreme court explained that the sentencing classifications identified in Poore were not exclusive, but, rather, they were intended as a summary of "the complex statutory sentencing options available at that time." The class of true split sentences has now been expanded to include sentences in which the entire incarcerative term is suspended, see Powell, and sentences in which the probationary term is longer than the suspended jail term. See Szuba v. State, 712 So.2d 839 (Fla. 2d DCA 1998).
Although the opinion in Poore refers to the limits on a new term of "incarceration" following a revocation, the imposition of a true split sentence also precludes the trial court from placing a defendant on probation for a period of time that exceeds the unserved portion of a suspended sentence. See Sullivan v. State, 625 So.2d 955 (Fla. 2d DCA 1993) (the total of incarceration, community control, and probation cannot exceed the original suspended sentence). In the present case, the trial court could not lawfully require the defendant to serve a new term of two years of felony drug offender probation, because the probationary period exceeds the maximum term of the suspended jail sentence.
By ordering probation in lieu of a suspended sentence, the trial court effectively limited the range of penalties that could be imposed in the event of a subsequent revocation. We conclude that the suspended thirty-day sentence was a built-in sanction for failure to comply with the terms and conditions of probation. Consequently, we reverse with instructions to sentence the defendant to not more than thirty days in the county jail with credit for time served. The defendant need not be present for resentencing.
Reversed.
MINER and WOLF, JJ., CONCUR.