PER CURIAM.
Juan Montez Gilchrist appeals the sentence imposed after the trial court revoked his probation, which is greater than any *1268 unserved portion of the “true split” sentence imposed originally. We reverse and remand with directions for immediate discharge.
After Mr. Gilchrist entered a plea of nolo contendere to grand theft auto the trial court imposed a suspended sentence of 90 days in the county jail and placed Mr. Gilchrist on two years’ probation. Later, because Mr. Gilchrist violated conditions of his probation, the trial court issued a warrant for his arrest. Eventually it revoked probation and resentenced him to twenty-two months’ incarceration. When defense counsel made a motion to correct illegal sentence, the trial court quashed the twenty-two-month sentence and sentenced Mr. Gilchrist instead to two years’ probation with a special condition that he serve 90 days in' the county jail. At the same time the court awarded Mr. Gilchrist credit for 160 days served in the county jail.
The original suspended jail sentence, coupled with the order placing Mr. Gilchrist on probation, constituted a true split sentence. See State v. Powell, 703 So.2d 444, 445 (Fla.1997). See generally Poore v. State, 531 So.2d 161 (Fla.1988). As we explained in Evans v. State, 730 So.2d 768, 769 (Fla. 1st DCA 1999):
By ordering probation in lieu of a suspended sentence, the trial court effectively limited the range of penalties that could be imposed in the event of a subsequent revocation.
Upon revocation of probation here, the trial court was precluded from imposing a sentence which exceeded any unserved portion of the 90-day suspended sentence. Given that Mr. Gilchrist has already served (and had been credited with) more than 90 days in the county jail, no additional sanction may be imposed. We reverse and remand with instructions that the trial court order his immediate discharge.
ERVIN and BENTON, JJ., CONCUR; BOOTH, J., DISSENTS.