747 So.2d 989 (1999)
Michael S. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2121.
District Court of Appeal of Florida, Fifth District.
November 19, 1999.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.

*990 ON MOTION FOR REHEARING
PER CURIAM.
Michael Steven Williams moves for rehearing of our previous affirmance of the sentence imposed upon violation of probation. We grant the motion for rehearing, withdraw our previous opinion, vacate the sentence and remand for resentencing.
Williams was convicted of aggravated assault on a fireman, a second degree felony, on July 1, 1997. His guideline sentence called for 14.32 state prison months. The original trial court imposed the following sentence: "14.3 months in the Department of Corrections; suspend 8.3 months upon successfully [sic] completion of [2 years] community control." Williams served six months incarceration and shortly after his release, violated his community control. In resentencing the appellant, the trial court reinstated appellant's community control with 18 months remaining, and added a two year term of probation. The court also indicated that it was "not imposing the suspended sentence anymore." Williams complains that the court should have sentenced him for the remaining term of his prison sentence and erred by adding two years probation.
Although the period of community control in appellant's original sentence was longer than the suspended portion of his incarceration, we interpret this original sentence to be, as urged by appellant, a true split sentence. Evans v. State, 730 So.2d 768 (Fla. 1st DCA 1999). See also Szuba v. State, 712 So.2d 839 (Fla. 2d DCA 1998); State v. Powell, 703 So.2d 444, 445 (Fla.1997) ("Given the different purposes of incarceration and probation, it is not obvious why the length of probation in a true split sentence must always equal the suspended portion of the sentence of incarceration"). Having originally received a true split sentence, Williams, upon violation of his community control, could not be sentenced for a term greater than the term of the suspended sentence. Evans. Moreover, he could not be incarcerated "for any period exceeding either the guidelines recommendation or the remainder of the original split sentence, whichever is less." Poore v. State, 531 So.2d 161, 165 (Fla.1988). Here, the lesser incarcerative sentence is the remainder of the original split sentence of 8.3 months, less any credit for time spent in jail awaiting the violation of probation hearing which we believe to be approximately 123 days. We remand for resentencing consistent with the above.
MOTION FOR REHEARING GRANTED; PRIOR DECISION WITHDRAWN; SENTENCE VACATED; REMANDED FOR RESENTENCING.
PETERSON, GRIFFIN and THOMPSON, JJ., concur.