754 So.2d 57 (2000)
James Allen PLEJDRUP, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2422.
District Court of Appeal of Florida, Fifth District.
February 18, 2000.
James B. Gibson, Public Defender, and M. A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
James Plejdrup appeals his sentence arguing that the trial court erred in imposing a sentence which was greater than the suspended portion of his original sentence. We agree and therefore reverse.
The trial court initially sentenced Mr. Plejdrup to a term of six months' imprisonment, *58 but the court suspended the sentence on the condition that Mr. Plejdrup successfully complete two years of probation. Soon thereafter, Mr. Plejdrup was adjudicated guilty of violating the terms of his probation and he was re-sentenced to a term of twenty-four months' imprisonment.
The trial court's initial sentencing structure constituted a true split sentence. See Poore v. State, 531 So.2d 161 (Fla.1988). As a result, upon revocation of his probation, the trial court was limited to resentencing Mr. Plejdrup to a period of incarceration which did not exceed either the guidelines recommendation of a nonstate prison sentence or the remainder of the original six-month suspended sentence, less any credit for time spent in jail awaiting the violation of probation hearing, whichever was less. See Poore; Williams v. State, 747 So.2d 989 (Fla. 5th DCA 1999). Accordingly, the trial court's order imposing a twenty-four-month term of incarceration must be reversed and this matter remanded with directions to resentence Mr. Plejdrup within the range of the original six-month suspended sentence.
Judgment AFFIRMED; sentence REVERSED; cause REMANDED.
ANTOON, C.J., DAUKSCH and THOMPSON, JJ., concur.