PER CURIAM.
Appellant Booth appeals the sentence imposed after revocation of probation. We reverse.
Following a plea of guilty to one count of burglary and two counts of dealing in stolen property, adjudication was withheld and Booth was placed on probation for five years on each count, to ran concurrently. His probation was later revoked and he was adjudicated guilty on each count. He was then sentenced to imprisonment for three years concurrent on each count, all of which was suspended on the condition he successfully complete five years of probation.
Because he later violated his probation, probation was revoked and he was sentenced to concurrent terms of three years’ imprisonment, to be followed by concurrent terms of three years’ probation. He contends that the trial court exceeded its sentencing authority by adding the probationary term to the three years’ imprisonment, and we agree.
The trial court’s original sentence was a true split sentence. Poore v. State, 531 *156 So.2d 161 (Fla.1988); Plejdrup v. State, 754 So.2d 57 (Fla. 5th DCA 2000); Evans v. State, 730 So.2d 768 (Fla. 1st DCA 1999). As such, upon revocation of probation, the trial court was limited to resen-tencing Booth to a period of incarceration which did not exceed the original three year sentence, less credit for time served. See, Plejdrup, supra; Williams v. State, 747 So.2d 989 (Fla. 5th DCA 1999).
REVERSED AND REMANDED FOR RESENTENCING.
ANTOON, C.J., THOMPSON, J., and ORFINGER, M., Senior Judge, concur.