762 So.2d 1011 (2000)
Robert BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-1779.
District Court of Appeal of Florida, Fifth District.
July 14, 2000.
*1012 James B. Gibson, Public Defender, and John M. Selden, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Robert Brooks appeals from sentences imposed upon resentencing after he was found in violation of his probation. He argues that the trial court lacked jurisdiction to revoke his probation and resentence him on two counts because his probation had expired prior to the time the affidavit was filed and the warrant issued for his arrest. He also argues that even if the court had jurisdiction to resentence him after violating the probationary portion of a "true split" sentence for count one, the nine-year sentence imposed is illegal. We agree with Brooks that the nine-year sentence imposed for count one, aggravated battery with a firearm, is illegal. We therefore reverse that sentence.
On June 17, 1988, Brooks was sentenced on count one for aggravated battery with a firearm, a second degree felony, to ten years in the custody of the Department of Corrections to be suspended after serving six years. The remaining four years were to be served on probation. In addition, he received a five-year term of probation for count two, possession of a firearm by a convicted felon. The incarcerative portion of his sentence in count one was credited with 1,260 daysover three and a half yearsfor time served prior to sentencing.[1]
At the time of these offenses, Brooks was on parole for an unrelated Seminole County case. His parole was revoked and he continued his Seminole sentence in the *1013 custody of the Department of Corrections. That sentence was to be served concurrently with the split sentence imposed in this case. After again being released to parole in 1994 in the Seminole County case, Brooks began his probationary sentences.[2] An affidavit of violation was filed and a warrant issued in January 1998 charging Brooks with violating his probation after committing a new criminal offense. The trial court found that Brooks violated his probation, entered an order revoking probation, and sentenced him on both counts to nine years' incarceration to be served concurrently.
Brooks erroneously contends that he completed his split sentence while incarcerated before he began his probation. He cannot have successfully completed a split sentence if he never served the probationary part, even when the sentence is a "true split" sentence. Additionally, because he was incarcerated on another offense at the time he was released from the custodial portion of his sentence in this case, Brooks' probation was tolled until he was paroled in his Seminole County case.[3]See Bradley v. State, 721 So.2d 775 (Fla. 5th DCA 1998); State v. Savage, 589 So.2d 1016 (Fla. 5th DCA 1991). Consequently, because his probationary terms had not expired prior to the affidavit and warrant in this case issuing, the court had jurisdiction to resentence Brooks on both counts.[4]
The problem in this case does not lie with the trial court's jurisdiction to resentence Brooks for his violation of probation. The issue we must resolve is whether the new sentence imposed for the offense of aggravated battery is legal. We find that it is not.
A "true split" sentence is one that consists of a total period of confinement with a portion suspended and the defendant placed on probation for that suspended portion. See Poore v. State, 531 So.2d 161 (Fla.1988). The record supports Brooks' explanation of his original sentence for count one as a "true split" sentence. Therefore, the trial court could resentence Brooks on count one to, at most, a period of incarceration not to exceed the suspended portionin this case four years. See Plejdrup v. State, 754 So.2d 57 (Fla. 5th DCA 2000); Williams v. State, 747 So.2d 989 (Fla. 5th DCA 1999). We therefore agree with Brooks that the nine-year sentence he received for count one was improper. Thus that sentence is reversed and we remand this case for resentencing on that count. Finally, Brooks could receive any sentence which the court could have imposed originally with regard to count two. See Poore; McCaskill v. State, 728 So.2d 1183 (Fla. 5th DCA 1999); Green v. State, 392 So.2d 333 (Fla. 2d DCA 1981). Therefore, since the offense of possession of a firearm by a convicted felon is a second degree felony, nine years' incarceration is not an illegal sentence and the sentence is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED for resentencing on count one consistent with this opinion.
HARRIS and SAWAYA, JJ., concur.
THOMPSON, C.J., concurs in result only.
NOTES
[1] Brooks was originally convicted of manslaughter in 1985. As a result of a reversal on direct appeal he was resentenced on June 17, 1988, after entering a plea to the lesser charge of aggravated battery with a firearm.
[2] Brooks completed the incarcerative portion of his split sentence in this case in 1990 or 1991, depending on gain time awarded.
[3] Being released by the Department of Corrections in this case does not mean that Brooks was physically released from custody since he continued serving an unrelated sentence after the expiration of the incarcerative portion of his sentence. It simply means that the Department of Corrections constructively released him from the incarcerative portion of that sentence.
[4] The record indicates that the affidavit of violation was dated December 24, 1997, and filed along with the warrant on January 7, 1998. Brooks' probation began on February 1, 1994.