795 So.2d 1135 (2001)
Jerry LOVETT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-106.
District Court of Appeal of Florida, Fifth District.
October 5, 2001.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Jerry Lovett appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence after he violated the terms of his probation.
Lovett was sentenced to ten years in the Department of Corrections. This sentence was a true split sentence in that the court ordered incarceration for the first five years with the remaining five years suspended and Lovett be placed on probation instead. See Poore v. State, 531 So.2d 161, 164 (Fla.1988).[1]
When Lovett violated probation after having served the first five years in prison, the trial court illegally sentenced him to eight years in the Department of *1136 Corrections. See Evans v. State, 703 So.2d 1130, 1131 (Fla. 5th DCA 1997). When a true split sentence is imposed, the trial court is deemed to have considered the possibility of a violation of probation and cannot alter the sentence upon the violation. See Poore 531 So.2d at 164; North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). When Lovett violated probation, the trial court could only impose a sentence for the remaining portion of the original suspended sentence or for any period within the guidelines, whichever is less. See Poore, 531 So.2d at 164; Brooks v. State, 762 So.2d 1011, 1013 (Fla. 5th DCA 2000); Plejdrup v. State, 754 So.2d 57, 58 (Fla. 5th DCA 2000); Booth v. State, 754 So.2d 155, 156 (Fla. 5th DCA 2000); Williams v. State, 747 So.2d 989 (Fla. 5th DCA 1999).
We vacate Lovett's sentence and remand for imposition of a sentence that does not exceed either the guidelines or the suspended portion of the original sentence, whichever is less.
SENTENCE VACATED; REMANDED.
THOMPSON, C.J., PETERSON and PLEUS, JJ., concur.
NOTES
[1] Lovett actually served three years but was given early release credit for five years as a result of accumulated gain time.