865 So.2d 1 (2003)
Johnny BOLDEN, Petitioner,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Respondent.
No. 1D01-3205.
District Court of Appeal of Florida, First District.
January 8, 2003.
Johnny Bolden, pro se.
Carolyn J. Mosley, Assistant General Counsel, Department of Corrections, Tallahassee, for Respondent.
Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, for Amicus Curiae Florida Parole Commission.

ON MOTION FOR REHEARING
ERVIN, J.
This court's previous opinion in this case filed on August 2, 2002, is withdrawn, and respondent's motion for rehearing is granted to the extent the following opinion is substituted therefor.
Johnny Bolden, an inmate in the Florida Department of Corrections, has petitioned this court for a writ of certiorari to review an order denying his petition for mandamus, which sought recalculation of his release date. We review the petition pursuant to Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla. 1998), and grant the petition.
Petitioner Bolden was convicted of second-degree-felony aggravated battery, *2 possession of a short-barreled shotgun, and felonious possession of firearms, and third-degree-felony aggravated assault in connection with an incident that occurred on December 21, 1992, and he was sentenced on April 27, 1993, to four concurrent ten-year terms. The sentences for aggravated assault, aggravated battery, and possession of a short-barreled shotgun were imposed under the habitual felony offender (HFO) statute, and Bolden was subject to conditional-release supervision for those three sentences pursuant to section 947.1405, Florida Statutes (1991).[1] The release date for the shotgun sentence, April 25, 1999, was earlier than that for the aggravated battery and assault sentences,[2] March 27, 2000, because Bolden was eligible to receive incentive gain time while serving the five-year minimum sentence on that conviction, but not while serving the three-year minimums for the assault and battery crimes. See §§ 775.084(4)(e), 775.087(2)(a) & 790.221(2), Fla. Stat. (1991). Had the shotgun sentence been Bolden's only sentence, he would have been released on April 25, 1999, subject to the conditional-release program for a period of time equal to the amount of gain time he had earned, 1,334 days. The Department, pursuant to Evans v. Singletary, 737 So.2d 505 (Fla. 1999), tolled the time for conditional-release supervision to begin on the shotgun sentence, however, while Bolden completed the incarcerative periods for the assault and battery sentences, which amounted to 337 days.
Bolden was released into the conditional-release program on March 27, 2000, and was required to serve, based on the gain time he had accrued on each sentence, 997 days for the assault and battery offenses and 1,334 days for the shotgun offense. Nevertheless, his supervision was revoked after 236 days on November 18, 2000, and he was returned to prison. In determining the new release date, the Department considered that Bolden had 1,334 days to serve on the short-barreled shotgun sentence and 997 days on the aggravated assault and battery sentences, with credit for one day of time served as awarded by the Florida Parole Commission (FPC).[3] The Department calculated Bolden's new tentative release date of March 11, 2004, based upon the short-barreled shotgun sentence, beginning on the original date of sentencing, April 27, 1993, as follows: 3,650 days (10 years) + 337 days (time tolled in prison) + 236 days (time tolled out of prison)-127 days (jail credit)-1 day (FPC credit)-1,334 days (gain time previously awarded) + 1,334 days (forfeited gain time due to conditional supervision revocation)-124 days (gain time awarded since return to prison).
Bolden filed a petition for writ of mandamus, wherein he complained that he was out of prison for 236 days, and the Department had erred by adding 337 days of time tolled in prison, for a total of 573, to his *3 ten-year sentence.[4]
The Department filed a response, explaining that when an inmate has multiple sentences that terminate at different times, the inmate must wait until all sentences are served before starting conditional-release supervision and that the term of supervised release is tolled while the inmate remains in prison on an unrelated sentence. Under the Department's interpretation, if conditional-release supervision is revoked, the inmate's new release date will be extended by the number of days the inmate was out of prison, plus the number of days the inmate was incarcerated serving another sentence. The circuit court agreed with the Department and denied Bolden's petition based on Evans v. Singletary, 737 So.2d 505 (Fla.1999).
In Evans, the inmate was scheduled to be released on a sentence subject to the conditional-release program before he was eligible for release on a sentence that was not subject to the program. The question there before the court was whether the Department could transfer the conditional-release supervision from the expired sentence to the end of the longer, unrelated, ineligible sentence and then toll the beginning of the supervision period until the inmate had been released from prison. In upholding the Department's actions, the court cited with approval State v. Savage, 589 So.2d 1016 (Fla. 5th DCA 1991), and Bradley v. State, 721 So.2d 775 (Fla. 5th DCA 1998), as authority for tolling the supervision period while the inmate remained in prison on unrelated, uncovered offenses. The court explained that requiring these more at-risk offenders to serve their conditional-release supervision in prison would be impracticable, and that tolling the supervision until the inmate is released from prison is the most logical choice. The court thus held that the Department "may use an unexpired Conditional Release-eligible sentence to determine the length of the supervision and then toll the running of that supervision period until the inmate has been released from prison." Evans, 737 So.2d at 508-09.
We consider Evans, Savage and Bradley, as well as Brooks v. State, 762 So.2d 1011 (Fla. 5th DCA 2000), which the Department cited in its motion for rehearing, to be inapplicable to the facts in this case, because they all involve concurrent sentences for unrelated crimes. In the instant case, Bolden was serving concurrent ten-year sentences for related crimes arising from the same incident.
Both Savage and Bradley, upon which the court relied in Evans for tolling the commencement of conditional-release supervision, involve tolling of probationary terms. In Savage, 589 So.2d at 1017, the court acknowledged the general rules that prison terms in consecutive sentences cannot be interrupted by probation, and that the probationary term of a split sentence must immediately follow the prison sanction. The court recognized, however, an exception when the sentences are imposed for totally unrelated offenses, that is, offenses occurring at different times in different locales. Id. at 1018 (citing Porter v. State, 585 So.2d 399 (Fla. 1st DCA 1991)). As explained in Savage, 589 So.2d at 1018:
Simple logic would seem to dictate that, where a defendant is incarcerated in another jurisdiction, a probationary period from an unrelated sentence would be tolled since a probationary term should not be allowed to expire simply because a defendant has decided to incur new prison time as a result of a separate and distinct offense. *4 See also Porter v. State, 585 So.2d 399, 400 (Fla. 1st DCA 1991) (concluding that the defendant's intervening criminal activity in Leon County and consequent sentences caused the interruption of his sentences in Gadsden County, which consisted of incarceration followed by probation). And see Brooks, 762 So.2d at 1013 (concluding that Brooks' probation for his Brevard County battery offense was tolled until he was paroled in his Seminole County case).
Evans extends the reasoning in Savage to conditional-release supervision, as opposed to probation, but like Savage and Bradley, it also involves unrelated sentences: a 15-year sentence for a cocaine offense committed in 1988 and a seven-year sentence for manslaughter committed in 1992. In the instant case, Bolden is serving concurrent sentences on related crimes; therefore, it cannot be said that he "decided to incur new prison time as a result of a separate and distinct offense," Savage, 589 So.2d at 1018, thereby justifying a deviation from the general rule that the supervisory portion of a split sentence should immediately follow the incarcerative portion of that sentence.
Additionally, we find Evans to be distinguishable, because it involved a situation where the ineligible, nonconditional release sentence had a release date later than the eligible sentence. Under those facts, one can understand why the court permitted the commencement of the conditional-release supervision to be tolled and why it stated: "Allowing Evans to receive credit toward his supervision for the time he was in prison serving a completely different sentence would be contrary to logic and would result in an undue windfall for Evans." Evans, 737 So.2d at 508. The court's reasoning reflects the purpose of conditional-release supervision, which is not an early-release program, but rather is an extra post-prison probationary-type program for more at-risk releasees. Id. at 507; Rivera v. Singletary, 707 So.2d 326, 327 (Fla.1998). In the instant case, however, all three active sentences are subject to conditional-release supervision, and there is no windfall to Bolden in that he was not given the benefit of freedom, albeit subject to supervision, as a result of the additional gain time earned on the shotgun offense, because he remained incarcerated on the related assault and battery offenses.
As a final point regarding Evans, we also note that the case does not address recalculation of a release date following revocation of conditional release, and it does not state that upon revocation of conditional release, the tolled supervision period should also be added into the new release date calculation.
In addition, we find no statutory support for the Department's calculation. The statute governing revocation of conditional release, section 947.141(4), Florida Statutes (1991), makes no mention of tolling or adding supervision time into the new release date calculation. Rather, it simply states that the releasee forfeits "all gain-time or commutation of time for good conduct." Moreover, section 947.1405(2), Florida Statutes (1991), which controls Bolden's conditional-release supervision, simply states that the inmate will be released under supervision "upon reaching the tentative release date or provisional release date." Absent from the statute is the language that appears in the 1997 version of section 947.1405(2)(c) (footnote omitted), which provides: "Such supervision shall be applicable to all sentences within the overall term of sentences if an inmate's overall term of sentences includes one or more sentences that are eligible for conditional release supervision[.]" The Florida Supreme Court appears to have interpreted these differing provisions as permitting the Florida Parole Commission *5 to "only transfer the supervision to the end of the overall sentence for offenses committed after the 1997 amendment to the Conditional Release statute." Pressley v. Singletary, 724 So.2d 97, 98 (Fla. 1997).
We conclude that Evans, Savage, Bradley, Brooks, and the 1991 version of section 947.1405(2) do not support tolling of Bolden's conditional-release supervision on the shotgun charge while he continued serving the incarcerative sentences for the aggravated assault and aggravated battery offenses, nor do they mandate that the 337 days he remained in prison on the shotgun charge while pending release on the assault and battery offenses be added to the calculation of a new release date. Therefore, we conclude that the trial court departed from the essential requirements of law.
Nevertheless, because we are cognizant of the effect of this decision on the Department's sentencing procedures and the Florida Parole Commission's supervision of those subject to conditional release, we certify the following question to the Florida Supreme Court as one of great public importance:
WHEN AN INMATE WHO IS SERVING SEVERAL RELATED SENTENCES SUBJECT TO CONDITIONAL-RELEASE SUPERVISION FOR MULTIPLE CRIMES OCCURRING IN THE SAME CRIMINAL EPISODE HAS VIOLATED CONDITIONAL-RELEASE SUPERVISION, SHOULD THE DEPARTMENT OF CORRECTIONS, IN CALCULATING THE NEW RELEASE DATE, CONSIDER TIME SERVED FOLLOWING THE EXPIRATION OF THE INCARCERATIVE PORTION OF ONE SENTENCE, WHILE AWAITING EXPIRATION OF THE INCARCERATIVE PORTIONS OF THE OTHER RELATED SENTENCES, AS TOLLED, PURSUANT TO EVANS v. SINGLETARY, 737 So.2d 505 (Fla.1999), AND, IF SO, SHOULD THE DEPARTMENT ADD SUCH TOLLED TIME ONTO THE SENTENCE IN CALCULATING THE NEW RELEASE DATE?
The petition is GRANTED.
ALLEN, C.J., and KAHN, J., concur.
NOTES
[1] Section 947.1405 provides in pertinent part:

(2) Any inmate who ... is sentenced as a habitual or violent habitual offender pursuant to s. 775.084 shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under [conditional release] supervision[.]
The length of conditional-release supervision is equal to the amount of gain time the inmate has accrued prior to release. See Evans v. Singletary, 737 So.2d 505, 507 (Fla.1999).
[2] Bolden's release date for the felon-in-possession-of-a-firearm charge occurred before the release date for the other three crimes.
[3] The Commission has broad authority to grant or deny credit for time spent on supervision upon revocation. See Rivera v. Singletary, 707 So.2d 326, 327 (Fla.1998).
[4] The addition of 236 days for time spent out of prison is correct, as that simply extends the release date by the number of days that Bolden was on supervision. See Rivera.