PER CURIAM.
Appellant, Cary Snell, challenges the sentence imposed when the trial court revoked his probation, and the State has properly conceded error. Snell’s original sentence — 24 months in prison, suspended, and 30 months of probation — was a “true split sentence.” See Poore v. State, 531 So.2d 161, 164 (Fla.1988); Evans v. State, 730 So.2d 768 (Fla. 1st DCA 1999). “[T]he imposition of a true split sentence ... precludes the trial court from placing a defendant on probation for a period of time that exceeds the unserved portion of a suspended sentence.” Evans, 730 So.2d at 769. Accordingly, the maximum sentence available upon appellant’s violation of probation was “the maximum term of the suspended jail sentence.” Id.
We REVERSE and REMAND for further proceedings consistent with this opinion. As in Evans, defendant need not be present for resentencing.
KAHN, VAN NORTWICK, and BROWNING, JJ., CONCUR.