PER CURIAM.
By petition for writ of certiorari, Dino Lewis seeks review of an order of the circuit court which denied his petition for writ of mandamus which sought recalculation of his release date. Because Lewis is entitled to relief pursuant to Bolden v. Moore, 28 Fla. L. Weekly D187, — So.2d -, 2003 WL 69560 (Fla. 1st DCA Jan.8, 2003), revieiv pending, Crosby v. Bolden, No. SC03-0137, 848 So.2d 1153 (Fla. July 11, 2003), we grant the petition.
In circuit court case number 95-31807, Lewis was convicted of armed robbery with a firearm and possession of a firearm by a convicted felon for robbing a Subway Store on April 17, 1995. In circuit court case number 95-31817, Lewis was convicted of armed robbery with a firearm and possession of a firearm by a convicted felon for robbing a Pizza Hut on April 8, 1995. On all four counts, Lewis was sentenced as an habitual offender and received seven-year sentences, less credit for time served prior to sentencing, all counts running concurrent to any active sentence. The circuit court imposed three-year minimum mandatory terms on the two armed robbery counts.
Lewis was eligible to receive incentive gain time while serving the firearm sentences, but not while serving the three-year mínimums for the armed robbery counts. As a result, the release dates for the firearm counts were earlier than the release dates for the armed robbery counts. The Department of Corrections tolled the time for conditional release supervision to begin on the firearm counts for 344 days while Lewis completed the incarcerative periods for the armed robbery sentences.
Lewis was released to conditional-release supervision, but was later revoked. In calculating Lewis’s new release date, the Department added the 344 days which had been tolled. Lewis’s release date should be recalculated without the addition of the 344 days. In Bolden, this court held that in calculating a new release date fol *455 lowing revocation of conditional release supervision, the Department could not consider as tolled the time served following expiration of the incarcerative portion of one sentence while the inmate awaited expiration of the incarcerative portion of a related sentence which arose from the same criminal episode. Here, the individual firearm and armed robbery sentences in the separate cases arose from the same criminal episode: the separate robberies of the Pizza Hut and Subway.
Although we grant the petition, we note that this court stayed issuance of the mandate in Bolden pending disposition of the Supreme Court review in that case. Accordingly, the time for service of a motion for rehearing is extended to 10 days after disposition by the Supreme Court of Bol-den.
PETITION GRANTED; TIME FOR REHEARING EXTENDED.
ERVIN, PADOVANO and POLSTON, JJ., concur.