881 So.2d 653 (2004)
Monica DAVID, Chairman, Florida Parole Commission, Petitioner,
v.
Hershel B. MEADOWS, a/k/a Hector Bige Meadows, a/k/a Jasson Lloyd Cordey, a/k/a David Adams, Respondent.
No. 1D03-4479.
District Court of Appeal of Florida, First District.
August 18, 2004.
Rehearing Denied September 15, 2004.
Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Petitioner.
Bernard F. Daley, Jr., Law Office of Bernard F. Daley, Jr., Tallahassee, for Respondent.
POLSTON, J.
Petitioner Monica David, Chairman of the Florida Parole Commission, seeks review of the trial court's order granting Respondent Hershel Meadows' petition for *654 writ of prohibition. The trial court's order states:
On August 27, 1999, [Meadows] reached the Tentative Release Date on his criminal sentences for two counts of Attempted Sexual Battery and pursuant to Section 947.1405, Florida Statutes, was placed on Conditional Release[1] supervision by the Florida Parole Commission. [Meadows] however was not released from confinement and into the community but instead was detained pursuant to the civil commitment procedures in the Jimmy Ryce Act and held within a secure Florida Department of Children and Families facility.[2] See Sections 394.91 to 394.931, Florida Statutes.
On April 10, 2003, the Florida Parole Commission issued the Warrant for Retaking Conditional Releasee, which charged [Meadows] with violating his Conditional Release supervision by not participating in a sex offender treatment program.
The instant dispute revolves around the intent of the Florida Legislature in their adoption of Fla. Stat. § 947.1405 ("Conditional Release Program Act") and whether in the adoption of this Conditional Release supervision scheme there was an intent on the part of the Florida Legislature to allow the Respondent to subject offenders who are civilly committed to the conditions included within the Conditional Release Program Act (CRPA). As is pointed out by Respondents in their response; "No provision is made in the Conditional Release statute or in the Commission's rules for instances where the releasee may be detained either pursuant to a detainer from another jurisdiction or as in this case a civil commitment." This undisputed fact as well as Petitioner's arguments which cast substantial doubt on the actual intent of the Florida Legislature in regards to their drafting of the CRPA leads to this Court's determination that good cause exists to issue the present order prohibiting the Respondent from subjecting the Petitioner to the requirements of Fla. Stat. § 947.1405 while he is civilly committed within the custody of the Florida Department of Children and Families. Nothing within this order however prevents the Respondent from tolling the Petitioner's statutorily required term of Conditional Release supervision until such time that Petitioner is actually released into the community.
Emphasis and footnotes added.
In short, the trial court ruled as a matter of law that offenders cannot simultaneously be on conditional release and civilly committed under the Jimmy Ryce Act and that the terms of conditional release may be tolled during the period of civil commitment. We disagree.
The trial court ruled that offenders cannot be on conditional release while committed under the Jimmy Ryce Act because the applicable statutes do not permit it. This ruling was in error because there are no restrictions found in the Conditional Release Program Act and the Jimmy Ryce Act that prohibit simultaneous compliance. In Bolden v. Florida Department of Corrections, 865 So.2d 1 (Fla. 1st DCA 2003) *655 (granting petition for writ of certiorari to review an order denying a petition for mandamus), this court held that Bolden's conditional release supervision should not be tolled even though he was continuing to serve the incarcerative sentences for other convictions. The court in Bolden stated that tolling was not appropriate because "there is no windfall to Bolden in that he was not given the benefit of freedom, albeit subject to supervision, as a result of the additional gain time earned on the shotgun offense, because he remained incarcerated on the related assault and battery offenses." Id. at 4. The same rationale applies to Meadows because he was not given the benefit of freedom, subject to supervision. If a defendant may complete his conditional release supervision while in prison, he should be permitted to complete it while civilly committed. Cf. State v. Harris, 29 Fla. L. Weekly S230, S231, S232 n. 4, 2004 WL 1064790, ___ So.2d ___, ___, ___ n. 4 (Fla. May 13, 2004) (accepting the State's representation that the defendant was serving the probationary portion of his sentence while civilly committed under the Jimmy Ryce Act; "involuntary civil commitments are civil in nature, not criminal"). See also Mayes v. Moore, 827 So.2d 967, 972 (Fla.2002) (the Parole Commission has broad authority to establish the terms and conditions of conditional release under the applicable statutes and the Florida Constitution, art. IV, § 8(c), Fla. Const.).
Meadows asserts that he was prohibited from complying with the terms of his release program because of his Jimmy Ryce Act confinement. The Commission argues that Meadows refused to comply with the terms of the program and should therefore be found in violation of his conditional release supervision. These disputed contentions are factual determinations that must be sorted out by the trial court on remand. In the event that Meadows is found unable to comply with his release program because of his civil confinement, he should not be found in violation and should receive credit for the time during commitment. See Copeland v. State, 864 So.2d 1197, 1199 (Fla. 1st DCA 2004) (reversing probation revocation because the State did not sufficiently prove that the violations of probation were willful); Meade v. State, 799 So.2d 430, 432 (Fla. 1st DCA 2001) (stating that "illness can render technical violations of probation not substantial or willful because a mental or physical illness can be debilitating to the point that a probationer cannot comply with the terms of probation"); Tal-Mason v. State, 515 So.2d 738 (Fla.1987) (holding that defendant was entitled to credit for detention in a mental institution for incompetence to stand trial); Haveard v. State, 520 So.2d 636 (Fla. 1st DCA 1988) (holding that the defendant was entitled to credit for the period of involuntary hospitalization). If, on the other hand, Meadows is found in violation of the terms and conditions of release, the Commission has broad authority to either grant or deny him credit for time spent on conditional release when that release is revoked. See Rivera v. Singletary, 707 So.2d 326 (Fla.1998).
Therefore, we grant the petition for writ of certiorari, quash the trial court's order, and remand for further proceedings with instructions.
WEBSTER and VAN NORTWICK, JJ., concur.
NOTES
[1] See generally Mayes v. Moore, 827 So.2d 967 (Fla.2002) (discussing the Conditional Release program and holding that the program does not violate various constitutional challenges); Duncan v. Moore, 754 So.2d 708 (Fla.2000) (same).
[2] On November 26, 2003, a jury in Palm Beach County determined that Meadows should not be committed to the custody of DCF under the Jimmy Ryce Act and he was discharged from custody.