WALLACE, Judge.
The Department of Corrections (the DOC) appeals an order granting a writ of prohibition directed against the Florida Parole Commission (the Commission). Because the Commission was never made a party to the proceedings in the circuit court, we reverse.
In a petition for a writ of prohibition and other relief, Alvin Williams alleged that subsequent to being released from the custody of the DOC, he was civilly detained by the Department of Children and Family Services (the DCF) pursuant to the Jimmy Ryce Act[1] awaiting trial on the DCF’s petition for civil commitment. Williams alleged that at the same' time, he was subject to the conditions of conditional release imposed by the Commission pursuant to section 947.1405, Florida Statutes (2002) (the Conditional Release Program Act). One condition required Williams to participate in sex offender treatment.
In his pro se petition, Williams identified the respondent as “Florida Probation and Parole (DeSoto County) and its designee Ms. Marsha Browning.” Williams asked the circuit court to prohibit the respondent so identified from “unlawfully forcing [Williams] into [t]reatment.” Ms. Browning was a Correctional Probation Specialist employed by the DOC. The Commission was not named as a respondent. Williams’ request for relief reveals a fundamental misunderstanding of the identities and functions of the governmental entities involved in the Conditional Release Program.
The DOC and the Commission each have responsibilities under the Conditional Release Program Act. Broadly speaking, the DOC’s functions are ministerial, and the Commission’s functions are discretionary and quasi-judicial. As an inmate of the DOC approaches his release date, the Commission determines whether to place the inmate on conditional release, as well as the conditions thereof. § 947.1405(2). To aid the Commission in this function, the DOC is charged with interviewing the inmate, compiling relevant records, and making recommendations that the Commission is free to accept or reject. § 947.1405(5), (6). Once the Commission makes its determinations, the DOC is charged with explaining the conditions to the inmate and supervising him during the period of conditional release. § 944.09(4)(h); Fla. Admin. Code 33-302.109. Probation and Parole Field Services is the DOC entity responsible for supervising offenders on conditional release.
During the period of conditional release, the Commission is empowered to enforce the conditions of release by issuing a warrant for the offender’s arrest upon reasonable grounds to believe that the offender has violated such conditions. § 947.141. The Commission is empowered to revoke conditional release after a hearing. § 947.23. In issuing the writ, the circuit court prohibited the Commission from exercising these powers of enforcement against Williams.[2] However, the circuit court apparently overlooked the fact that Williams named as the respondent an entity of the DOC, not the Commission.
The DOC and the Commission are “two distinct agencies with different powers and duties.” Gay v. Singletary, 700 So.2d 1220, 1221 (Fla.1997). Because *171 the Commission never was a party to the proceeding, the circuit court erred by issuing a writ of prohibition against it. See Chastain v. Uiterwyk, 462 So.2d 1212, 1213 (Fla. 2d DCA 1985) (“It is well settled in American jurisprudence that no court can make a decree which will bind anyone but a party.”); see also Alger v. Peters, 88 So.2d 903, 906 (Fla.1956). Therefore, we reverse.[3]
The DOC and the Commission — as ami-cus curiae — have requested this court to direct the circuit court on remand to issue an order to the Commission to show cause why relief should not be granted on Williams’ petition, thereby allowing the Commission to join the proceedings as a respondent. The circuit court is so directed.
Reversed and remanded with directions.
STRINGER and VILLANTI, JJ., concur.

. §§ 394.910-.931, Fla. Stat. (2002).

. The circuit court was persuaded by a decision of the Circuit Court in and for Leon County in a case involving "almost identical facts,” which was then pending appeal. See David v. Meadows, 881 So.2d 653 (Fla. 1st DCA 2004) (quashing a writ of prohibition directed against the Commission).

. Appeal, not certiorari, is the appropriate method of our review. The circuit court purported to decide Williams' petition on the merits, which ordinarily would trigger second-tier certiorari review. See Sheley v. Fla. Parole Comm’n, 720 So.2d 216, 217-18 (Fla. 1998). However, the circuit court’s error was not an act made in its review capacity. Therefore, appeal is appropriate. See Burgess v. Crosby, 870.So.2d 217, 218 (Fla. 1st DCA 2004) (reversing an order on ’ a prisoner's mandamus petition when the circuit court erred in determining its own jurisdiction); see also Eastman v. State, 883 So.2d 889, 890 n. 1 (Fla. 2d DCA 2004); Green v. Moore, 111 So.2d 425, 426 (Fla. 1st DCA 2000).