896 So.2d 966 (2005)
PAROLE COMMISSION, Appellant,
v.
Keith N. SMITH, Jody C. Colvin, and William Wright, Appellees.
No. 2D04-2735.
District Court of Appeal of Florida, Second District.
April 1, 2005.
*967 Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Appellant.
Elliott C. Metcalfe, Jr., Public Defender, and Christopher E. Cosden, Assistant Public Defender, Sarasota, for Appellees.
SILBERMAN, Judge.
The Parole Commission filed a petition for writ of certiorari, seeking review of the circuit court's order granting the amended petition for writ of prohibition that had been filed by Keith N. Smith, Jody C. Colvin, and William Wright (the Appellees). We treat the Parole Commission's petition as a direct appeal[1] and reverse.

BACKGROUND
The Appellees were incarcerated with the Department of Corrections, and prior to their release from prison, they were *968 transferred to the custody of the Department of Children and Family Services pursuant to sections 394.910 to 394.931, Florida Statutes (2001, 2002, 2003), commonly referred to as the Jimmy Ryce Act (the Ryce Act). The Appellees were also placed on conditional release supervision pursuant to section 947.1405, Florida Statutes (2001, 2002, 2003),[2] the Conditional Release Program Act (the Release Act).
The Parole Commission eventually issued arrest warrants for the Appellees on the basis that they had violated the terms of their conditional release supervision. The Appellees filed an Amended Petition for Writ of Prohibition in the circuit court, seeking to prevent the Parole Commission from taking any action against them. The Appellees asserted that they could not be subject to conditional release supervision while they were being civilly detained under the Ryce Act and, therefore, that they could not have violated such conditional release supervision. The Parole Commission argued that civil commitment under the Ryce Act is not an exception to conditional release supervision and that the Release Act mandated such supervision upon the Appellees' completion of their prison terms.
The circuit court concluded that because the Appellees had not been released into the community but were instead committed to secure detention pursuant to the Ryce Act, the Parole Commission was foreclosed from making the Appellees subject "to the terms and conditions of their respective conditional release orders." On that basis, the circuit court entered its order prohibiting the Parole Commission from subjecting the Appellees to the requirements of the Release Act while they are civilly committed within the custody of the Department of Children and Family Services.

CIVIL COMMITMENT AND CONDITIONAL RELEASE SUPERVISION
The Release Act was enacted to address concerns with the early release of certain classes of prisoners due to accrued gain time. The Release Act provides the following:
It is the finding of the Legislature that the population of offenders released from state prison into the community who meet the conditional release criteria poses the greatest threat to the public safety of the groups of offenders under community supervision. Therefore, the Department of Corrections is to provide intensive supervision by experienced correctional probation officers to conditional release offenders.
§ 947.1405(8). The Florida Supreme Court has noted that conditional release supervision helps offenders in "bridging the gap between prison and the outside world." Duncan v. Moore, 754 So.2d 708, 710 (Fla.2000). If a releasee fails to comply with the terms and conditions of supervision, the releasee will be returned to prison and his or her gain time will be forfeited. Id.
The Release Act applies to specified types of offenders, including sexual predators. § 947.1405(2). Sexual predators are subject to the maximum level of supervision, with certain mandatory conditions, and the supervision continues through the end of the releasee's original court-imposed sentence. § 947.1405(6).
The Ryce Act was enacted to protect society from sexually violent predators. Section 394.910 provides as follows:
The Legislature finds that a small but extremely dangerous number of sexually violent predators exist who do not have *969 a mental disease or defect that renders them appropriate for involuntary treatment under the Baker Act, part I of this chapter, which is intended to provide short-term treatment to individuals with serious mental disorders and then return them to the community. In contrast to persons appropriate for civil commitment under the Baker Act, sexually violent predators generally have antisocial personality features which are unamenable to existing mental illness treatment modalities, and those features render them likely to engage in criminal, sexually violent behavior. The Legislature further finds that the likelihood of sexually violent predators engaging in repeat acts of predatory sexual violence is high. The existing involuntary commitment procedures under the Baker Act for the treatment and care of mentally ill persons are inadequate to address the risk these sexually violent predators pose to society. The Legislature further finds that the prognosis for rehabilitating sexually violent predators in a prison setting is poor, the treatment needs of this population are very long term, and the treatment modalities for this population are very different from the traditional treatment modalities for people appropriate for commitment under the Baker Act. It is therefore the intent of the Legislature to create a civil commitment procedure for the long-term care and treatment of sexually violent predators.
In relation to the Release Act, the Ryce Act states that the Parole Commission must "be immediately notified of any releases of a sexually violent predator who has an active or pending term of parole, conditional release, or other postprison release supervision that is administered by the Parole Commission." § 394.926(2) (emphasis added).

ANALYSIS
The issue before us is whether prisoners who are eligible for conditional release supervision may be placed on such supervision when they are also civilly committed under the Ryce Act. Reading the pertinent statutes together, we conclude that a Ryce Act detainee may be on conditional release during the civil commitment period.
The Ryce Act was enacted in 1998,[3] subsequent to the Release Act, which was enacted in 1988.[4] Section 394.926(2) of the Ryce Act recognizes that a detainee may be subject to an active term of conditional release, and the Ryce Act does not prohibit the Parole Commission from subjecting a detainee to the provisions of the Release Act. See David v. Meadows, 881 So.2d 653, 654 (Fla. 1st DCA 2004).
Although the legislature could have provided that conditional release supervision would not apply to persons who are civilly committed under the Ryce Act, it did not do so. In fact, it appears that the legislature specifically recognized that a person may be on active conditional release supervision while detained under the Ryce Act by virtue of the language in section 394.926(2) that the Department of Children and Family Services must notify the Parole Commission of the release of a detainee who has an active term of conditional release.
The circuit court noted that while the Release Act addresses release of a prisoner into the community and is "designed to help former inmates `bridge the gap' between prison and the outside world," a Ryce Act detainee is not released into the community but instead is released from *970 prison and committed to secure detention in a prison-like facility. The court commented that because a detainee remains in secure detention, "additional supervision of detainees by a correctional probation specialist would seem superfluous at best." The court added that the period of conditional release could be tolled during the time that a person is civilly committed and that conditional release supervision could begin when the detainee is actually released into the community. See Evans v. Singletary, 737 So.2d 505, 508 (Fla.1999) (concluding that when a prisoner is serving two sentences, one of which is eligible for early release and conditional release supervision and one of which is not, the conditional supervision period should be tolled until the inmate is released from prison).
Although the circuit court's reasoning has some appeal, it is inconsistent with the language of the Ryce Act that recognizes persons may be serving an active term of conditional release supervision while committed under the Ryce Act. As the First District noted in David,"there are no restrictions found in the Conditional Release Program Act and the Jimmy Ryce Act that prohibit simultaneous compliance." 881 So.2d at 654. Additionally, in construing conflicting statutes, a specific statute covering a particular subject area controls over a statute covering the same and other subjects in more general terms. McKendry v. State, 641 So.2d 45, 46 (Fla.1994); State v. Crews, 884 So.2d 1139, 1142 (Fla. 2d DCA 2004). The later promulgated statute should prevail over the earlier one as the last expression of legislative intent. McKendry, 641 So.2d at 46.
The Ryce Act is the more recent enactment. It is also the more specific statute because it concerns the protection of society from sexual predators while the Release Act addresses the protection of society from offenders who have committed a variety of violent crimes. Although the Release Act addresses generally the release of an individual from prison and into the community, the Ryce Act specifically recognizes that a detainee under its provisions may have an active term of conditional release, requiring that notice be given to the Parole Commission if the detainee is released from custody.
Accordingly, we conclude that an individual may be on conditional release supervision while detained under the Ryce Act and that the circuit court erred in prohibiting the Parole Commission from subjecting the Appellees to the requirements of the Release Act while they were within the custody of the Department of Children and Family Services. Therefore, we reverse the trial court's order granting the amended writ of prohibition.
Reversed.
DAVIS and CANADY, JJ., Concur.
NOTES
[1] See Dep't of Corrections v. Williams, No. 2D04-1077, 2005 WL 415109, at *2 n. 3, ___ So.2d ___, ___ n. 3 (Fla. 2d DCA Feb. 23, 2005).
[2] The different years cited for the Ryce Act and the Release Act pertain to the Appellees' different release dates. The statutes did not change in any way that impacts our analysis.
[3] Ch. 98-64, §§ 1, 2, at 446, Laws of Fla.
[4] Ch. 88-122, § 19, at 542, Laws of Fla.