SALCINES, Judge.
The Florida Parole Commission seeks review of the circuit court’s order granting Adrian Shiloh’s petition for writ of prohibition with respect to the Parole Commission’s warrant for his arrest for a violation of his conditional release supervision.[1] The circuit court essentially found that Shiloh could not simultaneously be on conditional release[2] and civilly committed under the Jimmy Ryce Act.[3] In Parole Commission v. Smith, 896 So.2d 966 (Fla. 2d DCA 2005), this court determined that a defendant can be under conditional release supervision while detained at a civil commitment center. Accordingly, we convert this matter to a direct appeal and reverse.
Reversed.
SILBERMAN and VILLANTI, JJ., Concur.

.The Parole Commission filed a petition for writ of certiorari to review the circuit court’s order. However, because the relief sought in the circuit court appears to have invoked the circuit court's original jurisdiction rather than its review jurisdiction, we convert this case to a direct appeal. See Parole Comm’n v. Smith, 896 So.2d 966, 30 Fla. L. Weekly D883 (Fla. 2d DCA Apr.1, 2005); but see David v. Meadows, 881 So.2d 653 (Fla. 1st DCA 2004) (reviewing by certiorari a matter similar to that in the present case without discussing the appellate court’s jurisdictional basis).

. The Conditional Release Program Act is codified at section 947.1405, Florida Statutes. As to the conditional release applicable in this case, it appears that Shiloh was released from prison on April 1, 2000.

. The Jimmy Ryce Civil Commitment for Sexually Violent Predators Act is codified at sections 394.910-931, Florida Statutes.