PER CURIAM.
In this petition for writ of certiorari, James Frederick (Petitioner) argues the circuit court departed from the essential requirements of law by denying his petition for writ of mandamus, which sought a recalculation of his presumptive parole release date (PPRD). We deny the petition.
Petitioner was sentenced in January, 1979 to a life sentence for first degree murder, and a consecutive twenty-five year sentence for attempted first degree murder, which were both committed on August 12, 1978. He was also sentenced to a concurrent five year sentence for violation of probation on uttering a forged instrument, committed in 1976.
On June 5, 2002, the Florida Parole Commission (FPC) established Petitioner’s PPRD as June 12, 2018. FPC assessed two salient factor points, one for Petitioner’s prior conviction and one for probation revocation. When combined with a severity ranking of six for the capital felony first degree murder, Petitioner received a ma *410 trix range of 180-240 months. The FPC selected 240 months, and added a 120 month aggravator for the attempted murder sentence, a 60 month aggravator because the offense involved a firearm, and a 60 month aggravator for the uttering conviction. When the 480 months was added to a time begins date of June 12, 1978, the PPRD was established as June 12, 2018. A subsequent biennial interview in April 2004 resulted in no change to the PPRD.
Petitioner filed a petition for writ of mandamus, contesting the calculation of his PPRD, and denial of an administrative review following the subsequent biennial interview. Petitioner argued the salient factor should have been in the 0-1 range, and the attempted murder charge has a severity ranking of 4 in the matrix time range, and should not have been assessed as an aggravator. Petitioner sought a “time begins” date of August 20, 1978, based on his January 8, 1979 sentence for murder, less 141 days credit for time served. The circuit court denied the petition.
Review of a circuit court’s denial of a petition for writ of mandamus, when sitting in its appellate capacity, is limited to whether the circuit court afforded due process and observed the essential requirements of law. See Sheley v. Fla. Parole Comm’n, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998); Bolden v. Fla. Dep’t of Corr., 865 So.2d 1 (Fla. 1st DCA 2003).
Florida Administrative Code Rule 23-21.007, provides the requirements for salient factor scoring. Specifically, if an inmate has one or two prior convictions, he receives one point, and if he has ever had one or more adult probation revocations, he receives one point. See Fla. Admin. Code R. 23-21.007(1), (5)(b). There is no provision for omitting a prior conviction due to its age. Here, Petitioner had a prior conviction for uttering, which was committed in 1976, and a violation of probation for uttering. Consequently, he was properly assessed two salient factor points.
Florida Administrative Code Rule 23-21.008, provides for scoring based on the severity of the offense. Specifically, it provides that the severity of the offense score reflect the present offense based on the degree of the offense, and if the present offense involved multiple separate offenses, the severity score is based on the most serious offense. Id. The other offense(s) can be used as aggravating factors, whether those commitments are active or expired. Id. Here, Petitioner’s most serious offense was the first degree murder, a capital felony. The FPC properly used that offense to provide the severity of the offense score.
Finally, Florida Administrative Code Rule 23-21.011, provides the mechanism for calculating the “time begins” date. Here, Petitioner was sentenced on January 8, 1979, with credit for 141 days of credit. Petitioner admits that, if he is given credit for 141 days, his time begins date would be August 20, 1978. However, the FPC gave Petitioner credit for 220 days, based on his time in custody on the uttering charge, resulting in a time begins date of June 12, 1978. The earlier date appears to be correctly calculated and, moreover, works to Petitioner’s benefit by permitting him to be released two months earlier.
Based on the foregoing, the circuit court did not depart from the essential requirements of law when it denied Petitioner’s petition for writ of mandamus. Accordingly, the petition for writ of certiorari is DENIED.
VAN NORTWICK, HAWKES, and THOMAS, JJ., concur.