PER CURIAM.
Pursuant to plea negotiations appellant was sentenced to life probation for robbery (case number 76-6325, appeal number 77-845), fifteen years in prison for another count of robbery (case number 76-7080, appeal number 77-908), and five years in prison for giving false information to obtain unemployment compensation (circuit court number 76-5178, appeal number 77-909). All three sentences are to be served concurrently.
In this appeal appellant argues that the trial court erred by simultaneously placing him on probation and sentencing him to prison. However, we interpret the sentences so that appellant’s life probation does not commence until he is released from prison on the other two charges.
As so interpreted, the judgments appealed from are affirmed, but these cases are remanded for resentencing of appellant. The sentences in circuit court case numbers 76-7080 (appeal number 77-908) and 76-5178.(appeal number 77-909) do not specifically set forth the period of credit time to be allowed as required by Section 921.-161(1), Florida Statutes (1975); Brooks v. State, 349 So.2d 794 (Fla.2d DCA 1977). Moreover, the phrase “at hard labor” in the sentences is improper. Brooks v. State, supra. The appellant does not have to be present at resentencing.
SCHEB, Acting C. J., and OTT and DAN-AHY, JJ., concur.