579 So.2d 335 (1991)
Neil HUMPHREY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 88-02558.
District Court of Appeal of Florida, Second District.
May 10, 1991.
*336 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, Neil Humphrey, Jr., appeals the judgment and sentences rendered against him for racketeering and conspiracy to traffic in cocaine. We find no error except in regard to his sentence. Appellant was sentenced pursuant to a plea agreement to three-and-one-half years in prison followed by two years probation for racketeering, and a concurrent ten years in prison followed by two years probation for conspiracy to traffic in cocaine. A probationary term that falls between or interrupts an incarcerative sentence or sentences is illegal. Schlosser v. State, 554 So.2d 1183 (Fla. 2d DCA 1989); Gill v. State, 550 So.2d 72 (Fla. 2d DCA 1989). Appellant's two-year probation sentence for racketeering that would precede the completion of the concurrent ten-year prison sentence for conspiracy is such an illegal sentence and is, therefore, reversed and this case remanded for resentencing consistent with this opinion.
CAMPBELL, A.C.J., and LEHAN and PARKER, JJ., concur.