617 So.2d 311 (1993)
Shirley Gayle HORNER, Petitioner,
v.
STATE of Florida, Respondent.
No. 79840.
Supreme Court of Florida.
April 15, 1993.
James Marion Moorman, Public Defender, and Julius Aulisio, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., William I. Munsey, Jr., Asst. Atty. Gen., Tampa, and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for respondent.
BARKETT, Chief Justice.
We review Horner v. State, 597 So.2d 920 (Fla. 2d DCA 1992), based on conflict with Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987), and Washington v. *312 State, 564 So.2d 563 (Fla. 1st DCA 1990).[1] The issue is whether section 948.01(8), Florida Statutes (1989), which precludes a time gap in a probationary split sentence,[2] prohibits a separation between incarceration and probation as to each case of a multiple-case sentence, or merely bars a period of freedom between portions of an individual's overall sentence. We conclude that the latter interpretation is correct and approve the decision of the court below.
Shirley Gayle Horner entered a plea on three separate cases and was sentenced to eighteen months' imprisonment followed by three-and-one-half years' probation concurrent on each case. The cases all involve third-degree felonies. The first case concerns a worthless check issued in 1983. The second case stems from a theft in February 1988. The third case involves seven worthless checks written in February 1988.
While on probation, Horner issued additional worthless checks, and the State sought revocation of her probation. Horner pleaded no contest to the alleged violations. At the May 1991 revocation hearing, the trial court sentenced Horner to concurrent terms of three-and-one-half years' incarceration in the first two cases. Following imprisonment, Horner was to serve a one-year term of probation for the second case and a consecutive one-year probationary period for the first case. These probationary periods were to be followed by four consecutive five-year probationary terms for the third case.[3] In sum, Horner was sentenced to three-and-one-half years of incarceration, followed by twenty-two years' probation.[4] The sentence length was affirmed on appeal.
Horner urges that her sentence violates section 948.01(8), which states in pertinent part: "Whenever ... the court ... at the time of sentencing, impose[s] a split sentence whereby the defendant is to be placed on probation ... upon completion of any specified period of such sentence[,] ... [t]he period of probation ... shall commence immediately upon the release of the defendant from incarceration... ." Horner argues that the issuance of a one-year probationary period for the first case consecutive to the one-year probationary period for the second case violates the statute in that the probation for the second case creates an impermissible time gap between incarceration and probation for the first case. Horner further argues that all probation after this gap, including the last twenty years, is rendered invalid by the existence of the gap.
Horner urges this court to adopt the holding in Washington v. State, in which the district court found that a concurrent four-and-one-half year sentence followed by consecutive six-month probationary periods created a time gap for one of the sentences. The court found that the gap violated section 948.01(8) because the latter probationary period did not immediately follow the incarceration for the same offense.
We find this argument unpersuasive. The statute requires that the incarcerative portions of the sentencing be completed before the non-incarcerative portions begin. See, e.g., Mitchell v. State, 594 So.2d 823 (Fla. 1st DCA 1992); Humphrey v. State, 579 So.2d 335 (Fla. 2d DCA 1991); Sanchez v. State, 538 So.2d 923 (Fla. 5th DCA 1989). "A probationary term that falls between or interrupts an incarcerative sentence or sentences is illegal." Humphrey, *313 579 So.2d at 336. Horner's interpretation of the statute would limit probation to the remainder of the maximum term of the most serious crime in a sentencing where more than one case is adjudicated. Here, probation would not be able to exceed one-and-one-half years, the remainder of the maximum term for a third-degree felony after imprisonment for three-and-one-half years.
The immediacy requirement of the statute necessitates a correspondence between the incarcerative and probationary terms, and is not based upon an individual case, but upon one sentencing event. The statute defines split sentencing with regard to the sentencing that the trial court is imposing for all cases against the defendant. Cf. Tripp v. State, 1993 WL 83094, 18 Fla. L. Weekly S166 (Fla. Mar. 25, 1993) (rejecting contention that conviction of two separate crimes results in two separate sentences when sentencing takes place together). The preclusion of a time gap can reasonably be read to bar only a gap between release from incarceration on all counts and probation. We hold that when there is one sentencing that includes incarceration and either community control or probation on a variety of counts or cases, a probationary split sentence does not create gap time so long as community control or probation immediately follows incarceration.
In this case, the trial court adjudicated three cases in one hearing and imposed a single split sentence. We therefore find that the trial court did not create a time gap in violation of section 948.01(8), and so approve the district court ruling. We disapprove Lanier and Washington to the extent that they conflict with this opinion. We express no opinion on other issues raised here or below.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] A probationary split sentence consists of a term of confinement, none of which is suspended, followed by a term of community control or probation. Franklin v. State, 545 So.2d 851, 852 (Fla. 1989); Poore v. State, 531 So.2d 161 (Fla. 1988).
[3] She also received three concurrent terms of probation on the additional counts in case three. These terms are not at issue in this case.
[4] As a condition of probation, the trial court sentenced Horner to the Bradenton Probation and Restitution Center until restitution was completed, or until court order, up to the entire duration of probation. On appeal, the district court limited Horner's term at the Bradenton Probation and Restitution Center to the first year of probation. This holding is not in issue here.