PER CURIAM.
We affirm appellant’s convictions for possession and sale of cocaine but reverse his sentences to the extent that they impose simultaneous periods of incarceration and probation and remand for correction.
Appellant was sentenced to three months in the county jail followed by two years probation on Count I, and one year in the county jail followed by three years probation on Count II. The sentences were to run concurrently; therefore, nine months of the probation on Count I was to be served simultaneously with the inearcerative portion of Count II. The second and fifth districts have held that it is error to order probation on one count to be served simultaneously with incarceration on another count. Dewitt v. State, 639 So.2d 694 (Fla. 5th DCA 1994); Hill v. State, 624 So.2d 417 (Fla. 2d DCA 1993). See also Barr v. State, 474 So.2d 417 (Fla. 2d DCA 1985) (holding it is reversible error to impose concurrent terms of imprisonment and probation).
The Florida Supreme Court has also held that section 948.01(6), Florida Statutes (1995), requires the inearcerative portions of a sentence to be completed before the non-incarcerative portions begin. Horner v. State, 617 So.2d 311 (Fla.1993). The issue in Homer was whether the statute, which prohibits a time gap in a probationary split sentence, prohibits a separation between incarceration and probation as to each ease of a multiple case sentence, or merely bars a period of freedom between portions on an individual’s overall sentence. Id. at 312. The court concluded the latter interpretation was correct, and affirmed consecutive probationary periods following an incarceration. Id. at 313. In reaching this holding, the court noted that the statute defines split sentencing with regard to the sentencing that the trial court is imposing for all cases against the defendant.
Since Homer holds that the statute requires the inearcerative portions of the sentencing be completed before the non-incar-cerative portions, and applies to sentencing on all counts as one “sentencing event,” it follows that the inearcerative portions of all counts must be completed before the probationary portion of any count begins. This conclusion is supported by the court’s prior statement that “[tjhe underlying concept of probation is rehabilitation rather than punishment and presupposes the fact that probationer is not in prison confinement.” Bernhardt v. State, 288 So.2d 490, 495 (Fla.1974).
GLICKSTEIN, DELL and PARIENTE, JJ., concur.