714 So.2d 639 (1998)
Patrick HEBB, Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-0949, 97-1200.
District Court of Appeal of Florida, Fourth District.
July 29, 1998.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Patrick Hebb, appeals from orders revoking his probation in three separate cases. We affirm two of the revocation orders (Case Nos. 96-1855 and 96-2127) without further discussion. We reverse the third order (Case No. 96-483).
In Case No. 96-483, Appellant was charged with grand theft auto and resisting arrest without violence. On January 19, 1996, Appellant pled nolo contendere in Case No. 96-483. He was sentenced to 364 days in jail with credit for 29 days served. On June 17, 1996, the trial court entered an order of probation, placing Appellant on probation for the balance of his jail sentence.
On December 26, 1996, Appellant was arrested and charged with grand theft, trespassing, and resisting arrest. In addition, on January 9, 1997, he was arrested again and charged with burglary, resisting arrest, and possession of cannabis. Because of these arrests, a probation violation affidavit and an arrest warrant were filed. On January 17, 1997, the trial judge signed the arrest warrant because of Appellant's December 26, 1996, arrest. On January 31, 1997, the arrest warrant was filed with the trial court. On February 11, 1997, an amended affidavit of probation violation including Appellant's January 9, 1997, arrest as well as his December 26, 1996, arrest was filed with the trial court.
On March 7, 1997, Appellant pled nolo contendere to the charges stemming from his arrest on December 26, 1996, and his arrest on January 9, 1997. He also pled nolo contendere to violating his probation in Case No. 96-483. The trial court revoked its prior order of probation in Case No. 96-483 and sentenced Appellant to 39.3 months in prison.
Because it was fundamental error to revoke the defendant's probation in this case, the defendant can raise this issue for the first time on appeal. Section 948.04(2), Fla. Stat. (1995) provides in part "Upon the termination of the period of probation, the probationer shall be released from probation and *640 is not liable to sentence for the offense for which probation was allowed." When appellant was sentenced for violating probation, the term of which had expired, it was the equivalent of convicting a person of a nonexistent crime, which is a denial of due process which can be raised for the first time on appeal. State v. Sykes, 434 So.2d 325 (Fla. 1983). See also Richardson v. State, 694 So.2d 147 (Fla. 1st DCA 1997)(revoking probation based on violation not alleged in charging document is denial of due process which can be raised for the first time on appeal).
Accordingly, we reverse the trial court's order revoking Appellant's probation in Case No. 96-483 and remand for the trial court to strike this revocation and subsequent conviction from the underlying cases.
We also reverse Appellant's sentence. Although this decision results in a minimal reduction to his total sentencing points, it cannot be assumed that the change in Appellant's score would not have affected the trial court's discretion in imposing the sentence. See Thomas v. State, 659 So.2d 404, 405 (Fla. 4th DCA 1995); Williams v. State, 663 So.2d 672 (Fla. 2d DCA 1995).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
STONE, C.J., and DELL and GUNTHER, JJ., concur.