GREEN, Judge.
Clarence Crawley appeals the trial court’s judgment and sentence dated September 15, 1999, adjudicating him guilty of robbery with a firearm and sentencing him to seventy-two months’ incarceration, including a three-year minimum mandatory *887 sentence for use of the firearm. Although the state confesses error with respect to the sentence, we affirm both the conviction and sentence.
The prison sentence in this appeal is to be served consecutive to Hillsborough County case 97-16269, in which Crawley was sentenced on June 9, 1999, as a youthful offender to four years’ incarceration, to be followed by two years’ probation. Neither party to this appeal suggests that these two cases have any relationship, other than being prosecuted against Crawley in the same county. We attribute no significance to the location where Crawley chose to commit his crimes, but only comment with respect to Crawley’s prior case which resulted in a split sentence under the Youthful Offender Act. See § 958.04(1), Fla. Stat. (Supp.1996).
Crawley contends that his sentence in the instant case is illegal because he would be serving two prison sentences separated by a period of probation. We disagree. Crawley’s situation is similar to that of George Albert Porter as reported in Porter v. State, 585 So.2d 899 (Fla. 1st DCA 1991).
Porter was sentenced in a series of unrelated cases from two different counties. He was sentenced in March 1986 in five separate cases in Gadsden County to a split sentence totaling thirty months in prison to be followed by two years’ probation. In October of the same year, he was sentenced in Leon County in three cases to one five-year and two nine-year prison terms to run concurrently with each other, but consecutively to the Gadsden County sentences. Upon release from incarceration, Porter contended that his probation term began running upon his completion of the Gadsden County prison terms and thus expired while he was serving his Leon County prison terms. The First District Court of Appeal disagreed holding that one cannot serve a prison term and be on probation simultaneously and that Porter must serve his Gadsden County probationary portion of his sentences. Porter, 585 So.2d at 400.
The youthful offender statute provides that, in the event of the incarceration of a youthful offender and an added sentence of probation or community control, “the period of probation or community control shall commence immediately upon the release of the youthful offender from incarceration.” § 958.04(2)(c), Fla. Stat. (Supp.1996).
We therefore determine that Crawley will serve the sentence of incarceration from his youthful offender sentence and the consecutive sentence of incarceration from the instant case, to be followed by the probationary term also imposed in the earlier Hillsborough County case.
We affirm Crawley’s conviction and sentence.
PARKER, A.C.J., and ALTENBERND, J., concur.