793 So.2d 1115 (2001)
Rolando OTERO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1531.
District Court of Appeal of Florida, Fourth District.
September 5, 2001.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges his conviction and sentences based upon the revocation of his alleged probation. He claims that the trial court lacked the jurisdiction to revoke probation where the record does not reveal that the original trial court actually placed him on probation. Because the record does not reflect that the trial court had subject matter jurisdiction to revoke appellant's alleged probation, we reverse.
The state charged appellant with committing certain bombings in Dade County in 1975. Due to widespread publicity, the trial was apparently moved around the *1116 state and finally tried in Okaloosa County. The record contains copies of the original judgment and sentence entered there in 1977. The judgment and sentence does not contain any reference to a probationary term after his lengthy imprisonment. There is also no order of probation. However, during the case's travels, it had been transferred to Hillsborough County where portions of the record were apparently lost.
Despite the lack of a probation order, appellant's probation officer testified that she began supervising his probation when he was released from prison in 1989, even though she did not have any order of probation to guide her in instructing appellant. This probation continued until 1997, when the probation officer filed an affidavit of violation attesting that appellant had violated his probation by committing several substantive offenses, including kidnaping and armed robbery.
The violation of probation case ended up in Broward County because the parties stipulated to venue there, as appellant was tried in Broward on other substantive offenses for which he received lengthy sentences. As to the violation of probation, the trial court heard evidence of the violations, revoked probation, and sentenced appellant accordingly.
Because appellant's claim that he was not lawfully on probation at the time he was violated raises a question of the trial court's jurisdiction, this fundamental issue may be raised for the first time on appeal. See Hebb v. State, 714 So.2d 639, 639-40 (Fla. 4th DCA 1998). In this case, the judgment and sentence entered in 1977 does not contain any reference to probation, which is considered part of a sentence for purposes of appellate review. See Landeverde v. State, 769 So.2d 457, 463 n. 3 (Fla. 4th DCA 2000). The probation officer's testimony also does not establish that appellant was lawfully on probation because she said she never saw any probation order.
On this record, we are compelled to reverse because there is no evidence that probation was part of appellant's sentence and thus no showing that the trial court had jurisdiction to revoke probation.[1] We therefore reverse and remand for further proceedings in which the state may proceed on a new amended affidavit of violation raising the same substantive charges. During those proceedings, the state shall be required to establish the underlying order of probation,[2] either through a transcript of the original sentencing hearing or a written probation order.
DELL and GUNTHER, JJ., concur.
NOTES
[1] It occurs to us that, because this sentence was entered in 1977, while parole was still available, that parole, rather than probation, may have applied.
[2] The burden of properly invoking the court's jurisdiction is on the state. See Christopher v. State, 397 So.2d 406, 407 (Fla. 5th DCA 1981).