847 So.2d 569 (2003)
Christopher SCHURMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0908.
District Court of Appeal of Florida, First District.
June 13, 2003.
*570 Nancy A. Daniels, Public Defender, and David A. Davis, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Barbara J. Yates, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We agree with appellant that the trial court should have awarded him an additional 222 days for time served in county jail between the time of his arrest in 1993, and the commencement of his initial community control sentence. Our review of the sentencing form discloses that the court should have employed the "split sentence violator resentencing" option and awarded credit for 222 days incarcerated in county jail, in addition to the 618 days' credit given appellant while confined in jail between the dates of his release from prison in May 1998, and his resentencing in July 2000.
We disagree with appellant, however, as to his argument that counsel was ineffective for failing to recognize that his sentence in Case No. 93-202 had expired before the violation of probation resulting in his resentencing in May 1999. It is well established that a person cannot be sentenced to simultaneous prison and probation. See Porter v. State, 585 So.2d 399 (Fla. 1st DCA 1991); Brooks v. State, 762 So.2d 1011 (Fla. 5th DCA 2000); Clemons v. State, 629 So.2d 1067 (Fla. 2d DCA 1994); Cox v. State, 468 So.2d 437 (Fla. 2d DCA 1985); Pearson v. State, 354 So.2d 97 (Fla. 2d DCA 1977). Consequently, although the incarcerative portion of his sentence in Case No. 93-202 may have expired prior to his release from prison in May 1998, the probationary portion of that sentence was tolled while he remained in prison on other sentences, and it did not begin to run until appellant was released in May 1998. Therefore, his probationary sentence in Case No. 93-202 was in effect at the time he violated probation, and the trial court properly denied appellant's claim of ineffective assistance of counsel.
AFFIRMED in part, REVERSED in part, and REMANDED with directions to correct the sentencing form to reflect appropriate jail credit. Appellant need not be present.
ERVIN, KAHN and PADOVANO, JJ., concur.