GRIFFIN, J.
Appellant, Scott B. Foster [“Foster”], appeals the trial court’s order summarily denying his Rule 8.800(a) motion. We affirm.
Foster was convicted of, inter alia, dealing in stolen property in Orange County and received a probationary split sentence of two years in prison followed by three years of probation. He also alleges that he was convicted of burglary of a structure or conveyance in Volusia County and received a five-year prison sentence to be served concurrently to any other sentence he is presently serving. In his motion, he argues that the two sentences he received are illegal because they result in him serving incarceration and probation simultaneously.
There is case law holding that the simultaneous imposition of incarceration and probation are illegal.[1] See, e.g., Hatton v. State, 689 So.2d 1195 (Fla. 4th DCA 1997); Dewitt v. State, 639 So.2d 694 (Fla. 5th DCA 1994). Here, however, Foster received separate sentences from different courts at different times. The case cited by the trial court in its order, Schurman v. State, 847 So.2d 569 (Fla. 1st DCA 2003), deals with the situation of a defendant who receives separate sentences from different courts at different times. Under Schurman, the probationary portion of the sentence that completes its incarcerative portion at first is tolled until the imprisonment portion of the latter sentence is complete. Thus, Foster will not serve the probationary portion of his sentence in the Orange County case until he completes the five-year sentence he is serving in the Volusia County case.
AFFIRMED.
SHARP, W., and ORFINGER, JJ., concur.

. In Spencer v. State, 764 So.2d 576 (Fla.2000), cited by Foster, the Florida supreme court merely remanded for further proceedings in light of Maddox v. State, 760 So.2d 89 (Fla.2000).