FARMER, J.
 

 Defendant was sentenced in February 2007 to 24 months probation. Five months later defendant was sentenced by another court in a different circuit on an existing unrelated charge to 36 months in prison. That sentence was expressly designated as concurrent to the probation imposed in February.
 

 In March 2009, the State filed an affidavit of violation of probation (VOP) alleging that defendant refused to take a drug test two days earlier, on March 4th. Defendant moved to dismiss the VOP on the grounds that the court had no jurisdiction to consider the charge because both the alleged violation and the filing of the formal charge occurred after the period of probation had completely lapsed. The trial judge denied the motion and adjudicated him guilty of the violation. We reverse.
 

 We confront a legal issue of jurisdiction. We are called upon to consider an alleged VOP committed and charged only after the probationary period had already ended. Defendant is correct that his plea did not waive this jurisdictional issue.
 
 [1]
 

 The 24 month period of probation ended in February 2009. The VOP charge was not committed or filed until March 2009. By statute it is settled that “upon the termination of the period of probation, the probationer shall be released from probation and is not liable to sentence for the offense for which probation was allowed.” § 948.04(2), Fla. Stat. (2009);
 
 see also Carroll v. Cochran,
 
 140 So.2d 300, 301 (Fla. 1962) (violation of probation must be set in motion before the end of the period of probation). The allegation of VOP here sought the revocation of the probation and a new sentence on the charge for which the probation was originally imposed and had already ended. A probation that has already ended by operation of law cannot be later “revoked”.
 

 The State argues that the period of time during which he was confined on the unrelated charge should be tolled — i.e., not be counted as time served on probation. Nothing in the record suggests that the offense for the unrelated charge was committed after the sentence of probation was
 
 *974
 
 imposed. Also plainly he had already commenced serving the probation six months earlier when he was sentenced later on the unrelated charge.
 
 [2]
 

 Even more important, the sentencing judge in the later case explicitly made that imprisonment
 
 concurrent
 
 to the probation, not consecutive to it. To deem the period of probation tolled while he served time on the unrelated charge would, in effect, make that confinement consecutive to probation, contrary to the actual sentence imposed.
 

 The State has failed to cite statutory authority for the proposition that probation time already commenced cannot be counted whilst the offender is being confined on unrelated criminal charges elsewhere. In rejecting this argument we find analogous
 
 Bolden v. Florida Department of Corrections,
 
 865 So.2d 1 (Fla. 1st DCA 2003).
 
 Bolden
 
 involved revocation of conditional release, rather than probation as here, and the issue concerned counting the time left on sentences of incarceration on other offenses after conditional release was violated and revoked. The State argued that, because of the conditional release violation, additional incarceration for that violation could not be counted against the sentences he was serving on related and unrelated charges. The court held that the statute governing conditional release makes no mention of “tolling or adding supervision time” for purposes of calculating a new release date. 865 So.2d at 4. Similarly, the statute governing probation makes no mention of tolling a probationary period that had already commenced because of the later imposition of sentence on an earlier unrelated offense, itself made concurrent with the probation.
 

 We reverse the judgment and sentence and remand for the entry of judgment dismissing the VOP charge.
 

 Reversed with instructions.
 

 GROSS, C.J., and STEVENSON, J„ concur.
 

 [1]
 

 . Defendant’s challenge to the trial court’s jurisdiction raises a jurisdictional question that is fundamental and capable of being raised for the first time on appeal.
 
 Otero v. State,
 
 793 So.2d 1115, 1116 (Fla. 4th DCA 2001);
 
 Hebb v. State,
 
 714 So.2d 639, 639-40 (Fla. 4th DCA 1998).
 

 [2]
 

 . We distinguish this from a split sentence where the probationary period does not legally commence until the incarcerative part has been fully served.