ON MOTION FOR REHEARING

PER CURIAM.
We grant appellant’s motion for rehearing filed July 12, 2013, withdraw the previously issued per curiam affirmance, and substitute this opinion. Further, we sua sponte redesignate this appeal as an appeal of an order denying a rule 3.800 motion.
Following a jury trial, appellant was convicted of three second-degree felony offenses: (I) attempted kidnapping, (II) lewd or lascivious molestation of a person less than sixteen years of age, and (III) aggravated battery with a deadly weapon. At appellant’s sentencing hearing, the trial court expressed its intention to impose a combined sentence of twenty years imprisonment followed by fifteen years of sex offender probation. To effectuate this plan, the trial judge orally sentenced appellant as follows:
Count I; Fifteen years imprisonment;
Count II; Five years imprisonment followed by ten years of sex offender probation, with both to run consecutive to Count I; and
Count III: Five years imprisonment, to run concurrent to counts I and II, and five years of sex offender probation, to run consecutive to Count II.
The court’s written sentencing documents, however, differed from the oral pronouncement in that Count Ill’s terms of imprisonment and probation were both set to run concurrently to counts I and II. In addition, the written order stated that Count II would be served consecutive to Count I, but concurrent to Count III.
Following the sentence’s rendition, appellant filed a Rule 3.800(b)(2) motion to correct illegal sentence, asserting two grounds of relief. First, appellant requested that the trial court modify counts II and III of the written sentencing documents to conform to its oral pronouncement. In addition, appellant contended that Count III of his sentence was illegal since the condition that he serve his prison term concurrent to counts I and II, and his probation sentence consecutive to Count II, violated the requirement that a defendant serve his sentence in one stretch.
Although the trial court entered an order granting appellant’s motion in part, it did so more than sixty days after the motion was filed, rendering the order a nullity and the motion denied. See Fla. R. Crim. P. 3.800(b)(2)(B) (“If no order is filed within 60 days, the motion shall be considered denied.”); Sessions v. State, 907 So.2d 572, 573 (Fla. 1st DCA 2005); De La Fuente v. State, 58 So.3d 394, 395-96 (Fla. 2d DCA 2011). Since the State concedes on appeal that the inconsistencies *146 between the trial court’s oral pronouncement and written sentencing documents as to counts II and III are the result of clerical error, we remand with instructions for the trial court to modify its written sentencing order to conform to its oral pronouncement. See Chrystie v. State, 95 So.3d 1027, 1028 (Fla. 5th DCA 2012) (“Where a conflict exists between the oral pronouncement of sentence and written sentencing documents, the oral pronouncement controls.” (citing Williams v. State, 957 So.2d 600, 603 (Fla.2007)); Harmon v. State, 599 So.2d 754, 757 (Fla. 4th DCA 1992) (“[A]n oral pronouncement is controlling when a clerical error causes the written order to be inconsistent with the oral pronouncement ....”) (citation omitted)). In addition, we agree with appellant that Count III of his sentence is erroneous to the degree it requires him to serve a prison term concurrent to the prison terms of both counts I and II, since a prisoner is incapable of serving a term of imprisonment concurrent to two counts that run consecutively to each other.
We disagree, however, with appellant’s contention that the sentencing structure of Count III is illegal as a violation of his right to serve his sentence in one stretch. Generally, Florida courts are without authority to impose “ ‘piecemeal’ sentences that are interrupted and, thus, divided without the defendant’s consent.” Goodwin v. State, 752 So.2d 689, 691 (Fla. 1st DCA 2000); Massey v. State, 389 So.2d 712, 713 (Fla. 2d DCA 1980) (“There is nothing in our statutes which purports to authorize an interrupted sentence.”). Since “a prisoner is entitled to pay his debt to society in one stretch,” Segal v. Wainwright, 304 So.2d 446, 448 (Fla.1974), “imposing a prison sentence that is part concurrent with and part consecutive to another prison sentence is a punishment that no judge ... could possibly inflict under any set of factual circumstances.” Stroman v. State, 837 So.2d 1070, 1071 (Fla. 2d DCA 2003) (emphasis added); see, e.g., Segal, 304 So.2d 446 (invalidating a sentence which sandwiched a nine year sentence between portions of a five year robbery sentence); Rozmestor v. State, 381 So.2d 324 (Fla. 5th DCA 1980) (reversing where two years of the defendant’s four-year prison sentence were to run concurrent to a prior sentence, while the other two years would run consecutive to the prior sentence).
However, as the Supreme Court has recognized, unlike interrupted prison terms, “a probationary split sentence does not create gap time so long as ... probation immediately follows incarceration.” Horner v. State, 617 So.2d 311, 313 (Fla.1993). Thus, a multiple-count sentencing structure which places a period of imprisonment or probation between another count’s prison and probationary term is not inherently invalid so long as the incar-cerative portions of all counts are completed before any probationary portion begins. See, e.g., Jackson v. State, 615 So.2d 850 (Fla. 2d DCA 1993) (approving sentence which required the defendant to serve the jail term for the second count of a two-count conviction between the jail term and probationary period for the first count); Hatton v. State, 689 So.2d 1195 (Fla. 4th DCA 1997) (affirming a two-count sentence which required the defendant to serve three months in county jail followed by two years probation on Count I, to run concurrent with his Count II sentence of one year in county jail followed by three years of probation).

Reversed and remanded with instructions.

GROSS, MAY, JJ., and JOHNSON, LAURA, Associate Judge, concur.