DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**EDWARD FIDDEMON,**
Appellee.

No. 4D19-0438

[May 27, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan Alspector, Judge; L.T. Case No. 10-17981 CF10A.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellee.

GERBER, J.

The state appeals from the circuit court's order: (1) granting the defendant's motion to dismiss the state's violation of probation affidavit against him arising from a 2010 case, and (2) declaring his probation in the 2010 case as having been completed while he was incarcerated on a 2012 case. The state primarily argues the circuit court erred because the defendant had to complete his prison terms on both the 2010 and 2012 cases before his probation term began on the 2010 case. We agree with this argument. Therefore, we reverse the circuit court's order.

### *Procedural History*

The 2010 and 2012 cases were resolved separately through negotiated pleas occurring nine months apart, rather than in one sentencing event.

The circuit court first disposed of the 2010 case. In that case, the defendant pled no contest to two charges in exchange for being sentenced to three years in prison to be followed by two years on probation, with the sentences on both charges to be served concurrently.

Nine months later, the same circuit court judge disposed of the 2012 case. In that case, the defendant pled no contest to three charges in exchange for being sentenced to eight years in prison to be served concurrently on all three charges and, in the circuit court's words, "with the sentence you're presently serving in [the 2010 case]." During the hearing, the state acknowledged the 2012 case's concurrent eight-year prison terms would be served "concurrent with the case he's already been sentenced on," i.e., the 2010 case. However, no one at the hearing discussed or asked how the 2012 case's eight-year prison term would affect the 2010 case's two-year probation term.

In 2018, the Department of Corrections released the defendant from prison and placed him on two years' probation for the 2010 case. Later that year, the state filed an affidavit alleging the defendant violated his probation.

The defendant filed a motion to dismiss the 2010 case's violation of probation affidavit. The defendant argued that after he completed the 2010 case's concurrent three-year prison term, his two-year probation term immediately began as a matter of law. Thus, the defendant argued, he completed the 2010 case's two-year probation term while serving the middle portion of the 2012 case's eight-year prison term.

The state filed a memorandum opposing the defendant's motion. The state primarily argued the 2010 case's two-year probation term had been tolled as a matter of law until the defendant had completed the 2010 case's three-year prison term *and* the 2012 case's eight-year prison term.

The circuit court (a successor judge) held a non-evidentiary hearing, during which the parties relied on the same arguments which they had raised in their respective motion and memorandum.

The circuit court granted the defendant's motion to dismiss the 2010 case's violation of probation affidavit. The circuit court also declared the 2010 case's two-year probation term as having been completed while the defendant served the 2012 case's eight-year prison term. Relying on case law holding that a sentence must be served without interruption, the circuit court reasoned the 2010 case's three-year prison term and two-year probation term could not be separated by the last five years of the 2012 case's eight-year prison term.

The circuit court then attempted to distinguish case law holding that probation is tolled while a prison term is completed. According to the

circuit court, those cases involved courts in different jurisdictions imposing sentences in unrelated cases. Here, on the other hand, the same judge imposed both the 2010 and 2012 sentences, and mentioned the 2012 case's eight-year prison term would be served concurrently "with the sentence you're presently serving in [the 2010 case]."

This appeal followed. The state again primarily argues the 2010 case's two-year probation term had been tolled as a matter of law until the defendant had completed the 2010 case's three-year prison term *and* the 2012 case's eight-year prison term.

The defendant responds that after he completed the 2010 case's concurrent three-year prison term, his two-year probation term immediately began as a matter of law. Thus, the defendant argues, he had completed the 2010 case's two-year probation term while serving the 2012 case's eight-year prison term, and he was no longer on probation in 2018.

### *Our Review*

Because we have been asked to review an alleged sentencing error under section 948.012(1), Florida Statutes (2010), our review is de novo. *See State v. Flynn*, 95 So. 3d 436, 437 (Fla. 4th DCA 2012) ("Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is *de novo*."); *State v. Dorsett*, 158 So. 3d 557, 560 (Fla. 2015) ("The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review.") (citation omitted).

### 1. *Framing Our Analysis of Section 948.012(1), Fla. Stat. (2010)*

The 2010 version of section 948.012(1), Florida Statutes, provided:

> Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, impose a split sentence whereby the defendant is to be placed on probation or, with respect to any such felony, into community control *upon completion of any specified period of such sentence which may include a term of years or less*. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control *after serving such period as may be imposed by the court*. The period of probation or community control shall

3

commence *immediately upon the release of the defendant from incarceration*, whether by parole or gain-time allowances.

§ 948.012(1), Fla. Stat. (2010) (emphasis added).[1]

As emphasized above, section 948.012(1) uses three different phrases to refer to when a defendant is to commence a probation term after completing a prison term:  (1) "upon completion of any specified period of such sentence which may include a term of years or less"; (2) "after serving such period as may be imposed by the court"; and (3) "immediately upon the release of the defendant from incarceration."

Those three phrases are easy to reconcile and apply as having one meaning when the defendant's sentence involves a single prison term to be followed by a single probation term.  That is, once the defendant has completed the prison term and has been released, the defendant's probation term immediately commences.

However, those three phrases are not as easy to reconcile and apply in this case, where the defendant was sentenced to serve a two-year probation term after the 2010 case's three-year prison term, at a time when he was still serving the 2012 case's eight-year prison term.

Taking section 948.012(1)'s first and second emphasized phrases in isolation – that a defendant is to be placed on probation "upon completion of any specified period of such sentence which may include a term of years or less" and "after serving such period as may be imposed by the court" – seemingly would have required the 2010 case's two-year probation term to

---

[1]   The current version of section 948.012(1) contains minor amendments from the 2010 version, none of which are material to this case.  *See* § 948.012, Fla. Stat. (2019) ("~~Whenever~~ If punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court may, at the time of sentencing, impose a split sentence whereby the defendant is to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence which may include a term of years or less.  In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control after serving such period as may be imposed by the court.  Except as provided in s. 944.4731(2)(b) and subsection (6), ~~T~~the period of probation or community control shall commence immediately upon the release of the defendant from incarceration, whether by parole or gain-time allowances.") (strikethrough and underling added to show amendments).

4

have commenced immediately after the defendant completed the 2010 case's three-year prison term.

On the other hand, taking 948.012(1)'s third phrase in isolation – that a defendant is to be placed on probation "immediately upon the release of the defendant from incarceration" – seemingly would have required the 2010 case's two-year prison term to be tolled until after the defendant had completed both the 2010 case's three-year prison term *and* the 2012 case's eight-year prison term.

Our duty, however, is not to view any one or more of section 948.012(1)'s three clauses in isolation. As our supreme court held in *State v. Knighton*, 235 So. 3d 312 (Fla. 2018):

> [W]e will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute . . . . Adverting to our catalogue of rules of statutory construction,
>
> > [w]e are required to give effect to every word, phrase, sentence, and part of the statute, if possible, and words in a statute should not be construed as mere surplusage. Moreover, a basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless.

*Id.* at 316 (citation and internal quotation marks omitted).

Applying those principles, our supreme court already has analyzed section 948.012(1)'s predecessor statute, containing the exact same language. The supreme court's analysis guides our conclusion here.

### 2. *The Florida Supreme Court's Guidance in Analyzing the Statute*

In *Horner v. State*, 617 So. 2d 311 (Fla. 1993), the defendant entered a plea on three separate cases and was sentenced to concurrent prison terms followed by concurrent probation terms on each case. *Id.* at 312. While on probation, the defendant committed new crimes, and the state sought to revoke probation. *Id.* At the revocation hearing, the trial court sentenced the defendant to longer concurrent prison terms in the first two cases. *Id.* Following imprisonment, the defendant was to serve a probation term for the *second case* followed by a consecutive probation term for the

5

*first case. Id.* These probationary periods were to be followed by four consecutive longer probationary terms for the third case. *Id.*

The defendant appealed, arguing her sentence violated section 948.012(1)'s predecessor, section 948.01(8), Florida Statutes (1989). *Id.* Specifically, the defendant argued the trial court's imposition of the second case's probation term created a time gap between the first case's prison term and probation term, thereby violating section 948.01(8). *Id.*

The supreme court found the defendant's argument unpersuasive. *Id.* The supreme court framed the issue as whether section 948.01(8) "prohibits a separation between incarceration and probation as to each case of a multiple-case sentence, *or merely bars a period of freedom between portions of an individual's overall sentence.*" *Id.* (emphasis added). The supreme court concluded the latter interpretation was correct. *Id.*

The supreme court began its reasoning by encapsulating section 948.01(8)'s pertinent words and phrases as follows:

> Whenever ... the court ... at the time of sentencing, impose[s] a split sentence whereby the defendant is to be placed on probation ... upon completion of any specified period of such sentence[,] ... [t]he period of probation ... shall commence immediately upon the release of the defendant from incarceration....

*Id.* The supreme court then concluded its reasoning as follows:

> *The statute requires that the incarcerative portions of the sentencing be completed before the non-incarcerative portions begin.* A probationary term that falls between or interrupts an incarcerative sentence or sentences is illegal. ...
>
> The immediacy requirement of the statute necessitates a correspondence between the incarcerative and probationary terms, and is not based upon an individual case, but upon one sentencing event. The statute defines split sentencing with regard to the sentencing that the trial court is imposing for all cases against the defendant. *The preclusion of a time gap can reasonably be read to bar <u>only a gap between release from incarceration on **all** counts and probation</u>. We hold that when there is one sentencing that includes incarceration and either community control or probation on a variety of counts or cases, <u>a probationary split sentence **does not** create gap time</u>*

6

> *so long as community control or probation immediately follows incarceration.*

*Id.* at 312-13 (emphases added; internal citations and quotation marks omitted).

### 3. *Applying Our Supreme Court's Reasoning to the Instant Case*

Our supreme court's reasoning in *Horner* applies here. Giving effect to section 948.012(1)'s "every word, phrase, sentence, and part of the statute," *Knighton*, 235 So. 3d at 316, we conclude the 2010 case's two-year probation term was tolled as a matter of law until after the defendant had completed both the 2010 case's three-year prison term *and* the 2012 case's eight-year prison term.

Our conclusion complies with *Horner*'s mandate that "the incarcerative portions of the sentencing be completed before the non-incarcerative portions begin." 617 So. 2d at 312. In other words, our conclusion does not create an impermissible time gap between the 2010 case's three-year prison term and two-year probation term.

We acknowledge one factual distinction between *Horner* and the instant case. *Horner* involved "one sentencing event," that is, "one sentencing that includes incarceration and either community control or probation on a variety of counts or cases." *Id.* at 313. The instant case, however, involved two sentencing events. That is, the circuit court first disposed of the 2010 case, then nine months later, the same circuit court judge disposed of the 2012 case.

However, we do not consider this factual distinction of "one sentencing event" versus "two sentencing events" to change this appeal's outcome. Rather, the fact that this appeal involves two sentencing events better supports the state's argument. The later-imposed 2012 case's prison term prevented the 2010's case's probation term from commencing immediately after the defendant completed the 2010 case's prison term. To hold that the defendant completed the 2010 case's probation term during the 2012 case's prison term would be inconsistent with the rehabilitative concept of probation which presupposes that the probationer is not in prison. If anyone is to be held responsible for the defendant having to serve the 2010 case's probation term after having completed the 2012 case's prison term, it is the defendant, who committed the offenses leading to the 2012 case's prison term.

Thus, we conclude the successor judge erred in granting the defendant's motion to dismiss the state's violation of probation affidavit against him in the 2010 case, and declaring his probation in the 2010 case as having been completed while he was incarcerated on the 2012 case.

### 4. *Our Sister Courts' Support for Our Conclusion*

Our sister courts have issued opinions involving very similar facts and holdings which support our conclusion in the instant case. Although some of these cases contain minor factual distinctions to the instant case, we do not consider any of these factual distinctions to be dispositive.

The first such case was *Porter v. State*, 585 So. 2d 399 (Fla. 1st DCA 1991), which we examine in detail. In *Porter*, the appellant was sentenced in one county to a thirty-month prison term, to be followed by a two-year probation term. *Id.* at 399. Seven months later, the appellant was sentenced in a second county on three additional cases to one five-year and two nine-year prison terms, to run concurrently with each other but consecutively to the first county's sentence. *Id.*

The appellant served the first county's prison term and the second county's prison term consecutively as ordered. *Id.* Upon the appellant's release from prison, he argued in the first county's court that the first county's probation term commenced immediately after he completed the first county's prison term, and thus was completed while he was serving the second county's prison term. *Id.* at 399-400. According to the appellant, commencing the first county's probation term only after his release on the second county's prison term would transform the first county's sentence into an unlawful intermittent sentence. *Id.* at 400.

The first county's court ruled the appellant was still subject to the first county's probation term, reasoning:

> It is well settled that a defendant cannot serve a prison term and be on probation simultaneously. The subsequently-imposed sentences from [the second county] prevented the [first county's] probationary terms from commencing immediately upon completion of [the first county's] prison terms. This result, however, does not create ex post facto an illegal intermittent sentence. The [appellant's] legal split sentences in [the first county] … were interrupted by a subsequently-imposed prison sentence from [the second county]. To hold otherwise would be inconsistent with the rehabilitative concept of probation which presupposes that

8

the probationer is not in prison confinement. Any term of probation presumed to run when the [appellant] cannot be supervised would be a nullity ... [I]n the instant cases, the actions of the [appellant] (that is, the commission of offenses for which he received the [second county's] sentences) resulted in the interruption of [the first county's] sentences.

*Id.*

The First District affirmed, reasoning:

[T]his case involves unrelated sentencing orders, rendered at different times in different counties, with the result that appellant's intervening criminal activity and consequent sentences, which are unchallenged here, effected [sic] the interruption of his sentence. ...

Relying upon *Delk v. State*, 510 So. 2d 1209 (Fla. 2d DCA 1987)[,] and *Cox v. State*, 468 So. 2d 437 (Fla. 2d DCA 1985), appellant further argues that he is entitled to credit against [the first county's probation term] for the time served in prison on the [second county's] sentences. He asserts that since the [second county's] prison terms extended beyond the [first county's] probationary term ... he is entitled to release from [the first county's] probationary term because that term would have expired while he remained in prison on the second county's] sentences ....

... [I]n recognition of the sanctity of a [trial court's] jurisdiction and authority to lawfully dispose of cases before [it], without the interference of unrelated sentencing orders, we decline to apply those holdings, which involve sentences imposed by the same trial judge at the same time, to the instant case which involves two sentencing orders, which are unrelated in time, place and forum.

*Id.* at 400-01.

*Porter*'s reasoning has continued to be relied upon in more recent district court cases involving similar facts:

- *State v. Savage*, 589 So. 2d 1016, 1018 (Fla. 5th DCA 1991) (the defendant was sentenced on two cases to a prison term to be followed by a probation term; while serving the prison term, the

9

defendant was sentenced in another county to a prison term "consecutive to any sentence currently being served"; after being released, the defendant was charged with violating the first two cases' probation; the defendant filed a rule 3.850 motion, alleging the first two cases' probation term had expired during the later case's prison term; the trial court erred in granting the motion; "Simple logic would seem to dictate that, where a defendant is incarcerated in another jurisdiction, a probationary period from an unrelated sentence would be tolled since a probationary term should not be allowed to expire simply because a defendant has decided to incur new prison time as a result of a separate and distinct offense.")

- *Bradley v. State*, 721 So. 2d 775, 775-76 (Fla. 5th DCA 1998) (while the defendant was incarcerated on one charge, he was sentenced on an unrelated charge to one year of community control to be followed by one year of probation; after his release from incarceration, he was charged with violating the terms of his community control; the trial court properly rejected the defendant's argument that his community control and probation terms had expired during his incarceration, because those terms were tolled during his incarceration).

- *Crawley v. State*, 787 So. 2d 886, 887 (Fla. 2d DCA 2001) (affirming sentence where the defendant was sentenced in one case to a prison term to be followed by a probation term, then was sentenced in a second unrelated case in the same county to a prison term to be served consecutively to the first case; pursuant to *Porter*, "We … determine that [the defendant] will serve the sentence of incarceration from [the first case] and the consecutive sentence of incarceration from the [second case], to be followed by the probationary term also imposed in the earlier [first case].").

- *Schurman v. State*, 847 So. 2d 569, 570 (Fla. 1st DCA 2003) ("It is well established that a person cannot be sentenced to simultaneous prison and probation. Consequently, although the incarcerative portion of [the defendant's] sentence … may have expired prior to his release from prison … the probationary portion of that sentence was tolled while he remained in prison on other sentences, and it did not begin to run until appellant was released …. Therefore, his probationary sentence … was in effect at the time he violated probation, and the trial court properly denied [his] claim of ineffective assistance of counsel.") (internal citations omitted).

- *Foster v. State*, 889 So. 2d 951, 952 (Fla. 5th DCA 2004) (affirming order summarily denying rule 3.800(a) motion where the defendant received a prison term to be followed by a probation term in one circuit, and received in another circuit a prison term "to be served concurrently to any other sentence he is presently serving"; sentences were not illegal because, where a defendant receives separate sentences from different courts at different times, "the probationary portion of the sentence that completes its incarcerative portion at first is tolled until the imprisonment portion of the latter sentence is complete").

The reasoning of *Porter* and its progeny apply equally to the instant case. Here, the later-imposed 2012 case's prison term prevented the 2010's case's probation term from commencing immediately after the defendant completed the 2010 case's prison term. The defendant, by his conduct, bears the responsibility for this outcome.

We acknowledge one factual distinction between the *Porter* line of cases and the instant case. *Porter* and its progeny all involve the sentencing orders of two different judges, whereas the instant case involves the sentencing orders of the same judge.

However, we do not consider this factual distinction of "the same judge" versus "two different judges" to be dispositive. The more significant facts in the instant case are that the 2010 case and the 2012 case were unrelated and were disposed of at different times. We recognize that the circuit court, when issuing the 2012 sentencing order, stated the 2012 case's prison term would be served "concurrent with the case he's already been sentenced on," i.e., the 2010 case. However, the circuit court was not specific regarding whether it was referring to the 2010 case's prison term, the 2010 case's probation term, or both. We choose to interpret the circuit court's statement in such a manner as to uphold the sentences in both the 2010 case and the 2012 case.

### 5. *Our Precedent Upon Which Defendant Relies is Distinguishable*

The defendant relies upon two of our prior cases – *Hatton v. State*, 689 So. 2d 1195 (Fla. 4th DCA 1997), and *Wright v. State*, 47 So. 3d 972 (Fla. 4th DCA 2010) – in support of his argument. However, both cases are distinguishable.

11

### a. *Hatton v. State*

In *Hatton*, the appellant was sentenced in a single case involving two counts. 689 So. 2d at 1195. On Count I, the appellant was sentenced to three months in the county jail to be followed by two years on probation. *Id.* On Count II, the appellant was sentenced to one year in the county jail to be followed by three years' probation. *Id.* The sentences were to run concurrently. *Id.* Therefore, the first nine months of probation on Count I was to be served simultaneously with the last nine months of jail on Count II. *Id.*

We reversed the defendant's sentences to the extent the sentences imposed simultaneous periods of incarceration and probation, and remanded for correction. *Id.* We reasoned:

> Since *Horner* holds that the statute requires the incarcerative portions of the sentencing be completed before the non-incarcerative portions, *and applies to sentencing on all counts as one "sentencing event,"* it follows that the incarcerative portions of all counts must be completed before the probationary portion of any count begins. This conclusion is supported by the court's prior statement that "[t]he underlying concept of probation is rehabilitation rather than punishment and presupposes the fact that probationer is not in prison confinement." *Bernhardt v. State*, 288 So.2d 490, 495 (Fla. 1974).

*Hatton*, 689 So. 2d at 1195 (emphasis added).

*Hatton* is distinguishable from the instant case because here, the sentencings did not occur in one case on all counts as "one sentencing event." Rather, the instant case involved two unrelated cases which were disposed of at different times, that is, "two sentencing events." Thus, the instant case more closely resembles *Porter* and its progeny, as described in the section above.

### b. *Wright v. State*

The other fourth district case upon which the defendant here relies, *Wright*, also involves "two sentencing events," but is distinguishable for a different reason. In *Wright*, one court sentenced the appellant to a twenty-four month probation term. 47 So. 3d at 973. Five months later, a second court in a different circuit sentenced the appellant on an unrelated charge to a thirty-six month prison term. *Id.* The second court expressly

designated the appellant's prison term as concurrent to the first case's probation term.  *Id.*

A month after the first case's probation term ended, the state filed a violation of probation affidavit in that case.  *Id.*  The appellant moved to dismiss the affidavit, arguing the first court had no jurisdiction to consider the affidavit because the alleged violation occurred after the probation term ended.  *Id.*  The first court denied the appellant's motion and adjudicated him guilty of the violation.  *Id.*

We reversed and remanded for dismissal of the affidavit.  *Id.*  Treating the issue as one of jurisdiction, we concluded that because the first case's probation term ended before the alleged violation occurred, the appellant could no longer be punished under the first case.  *Id.*

The state nevertheless argued the time period from the first case's probation term during which the appellant was serving the second case's prison term should have been tolled, that is, not counted as time served on probation.  *Id.*  However, we rejected that argument, reasoning in part:

> Nothing in the record suggests that the offense for the unrelated charge was committed after the sentence of probation was imposed.  *Also plainly* [*the appellant*] *had already commenced serving the probation six months earlier when he was sentenced later on the unrelated charge.*
>
> *Even more important, the sentencing judge in the later case explicitly made that imprisonment concurrent to the probation, not consecutive to it.*  To deem the period of probation tolled while he served time on the unrelated charge would, in effect, make that confinement consecutive to probation, contrary to the actual sentence imposed.
>
> . . . [T]he statute governing probation makes no mention of tolling a probationary period *that had already commenced* because of the later imposition of sentence on an earlier unrelated offense, *itself made concurrent with the probation.*

*Id.* at 973-74 (emphasis added).

*Wright* is distinguishable from the instant case.  In the instant case, the defendant had not commenced serving the 2010 case's probation term when he was sentenced on the 2012 case's unrelated charge.  Thus, the 2010 probation term was not being interrupted.  We again recognize that

13

the circuit court, when issuing the 2012 sentencing order, stated the 2012 case's prison term would be served "concurrent with the case he's already been sentenced on," i.e., the 2010 case. However, the circuit court was not specific regarding whether it was referring to the 2010 case's prison term, the 2010 case's probation term, or both. As stated above, we choose to interpret the circuit court's statement in such a manner as to uphold the sentences in both the 2010 case and the 2012 case.

### *Conclusion*

Based on the foregoing, we reverse the circuit court's order granting the defendant's motion to dismiss the state's violation of probation affidavit against him arising from a 2010 case, and declaring his probation in the 2010 case as having been completed while he was incarcerated on a 2012 case. We remand for the circuit court to: (1) deem the 2010 case's two-year probation term as having commenced on the date when the defendant was released from the 2012 case's prison term; and (2) permit the state to proceed on the 2010 case's alleged violation of probation.

The other arguments which the state raises in support of reversal, and which the defendant raises in support of affirmance, lack merit and do not require further discussion.

*Reversed and remanded for proceedings consistent with this opinion.*

LEVINE, C.J., concurs.
CIKLIN, J., dissents with opinion.

CIKLIN, J., dissenting.

I respectfully disagree with the majority. Understandably, the defendant seeks the benefit of his carefully constructed plea agreement which culminated in a probation sentence that was to run concurrently with a prison sentence with the bargained for exchange being that any probationary terms were to be subsumed by the agreed upon prison sentence.

At the same time, the state was also bound by the plea agreement. *Guynn v. State,* 861 So. 2d 449, 450 (Fla. 1st DCA 2003) ("The negotiated plea agreement placed obligations on both parties."). The state benefited from the plea by being able to dispose of both cases without the expense and time of holding trials. The state was obligated to honor the agreement of allowing the defendant to serve his sentences concurrently, or otherwise, it should have challenged the concurrent sentences and allowed

14

the defendant to renegotiate his plea. *See State v. Simons*, 22 So. 3d 734, 736-37 (Fla. 1st DCA 2009) (recognizing that it is a settled principle of criminal procedure that courts may force the government to honor a plea agreement); *Clemons v. State*, 629 So. 2d 1067, 1068 (Fla. 2d DCA 1994) ("If on remand the state is unwilling to accept concurrent prison terms, defendant should be allowed to withdraw his plea and be subject to trial, but with the opportunity to negotiate a new plea.").

Here, the two sentences involved the same judge and the same state attorney's office. The 2012 case existed at the time the parties entered their arm's length plea agreement on the 2010 case. With the acquiescence of the state, the trial court expressly imposed the sentence in the 2012 case on a charge that had already existed prior to the negotiated settlement in the 2010 case with the record-confirming agreement to run concurrently. Of important note, the offense in the 2012 case was not a new offense that was committed subsequent to the plea in the first case but was actually an existing offense, that was refiled and thus, by virtue of an automated clerical system, ended up with a chronologically subsequent case number. In other words, this was not a case in which the defendant incurred new prison time as a result of a new offense. The parties were already well aware of all the charges the defendant was facing at the time that both sentences in both cases were imposed.

Thus, the caselaw cited by the state and majority (involving tolled supervision) simply does not apply particularly because those cases involved sentences that arose in different counties. That is, in my opinion, the proverbial misapplied apples and oranges comparison to which I cannot ascribe.

Had the sentencing judge who imposed both sentences and the parties that were involved in both negotiations intended for the defendant to be on some form of supervision following his release, one would expect that they would have said so. Similarly, had the parties intended for the sentences to run consecutively, one would hope that the record would have reflected that. Instead, this record contains language of a concurrent sentence. "Where the language of a sentence is clear [the court has] no power to change it by speculating that the trial judge meant something else." *Roy v. State*, 207 So. 2d 52, 55 (Fla. 2d DCA 1967) (quoting *Falagan v. Wainwright*, 195 So. 2d 562, 563 (Fla. 1967)).

Simply put, the state is bound by the plea agreement. *See Guynn*, 861 So. 2d at 450. The state benefited from the product of the negotiated plea

by its ability to dispose of both cases without the expense and time of holding trials.

In point in fact, if either party had timely appealed the sentence, it arguably would have been set aside and the defendant would presumably have been allowed to withdraw his plea.  Thus, the state is seeking a remedy, which the majority embraces, that it could not have obtained on appeal: the refashioning of a duly agreed upon sentence, with everyone's eyes wide open.

I respectfully dissent.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***